GEORGE S. DESAUTELLE *vs.* NASONVILLE WOOLEN COMPANY.

APRIL 19, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Charging the jury.   Right to comment on evidence.*

Court and practice act, section 23, provides that "In every case, civil and criminal, tried in the superior court with a jury, the justice presiding shall instruct the jury in the law relating to the same, and may sum up the evidence therein to the jury whenever he may deem it advisable so to do, but any material misstatement of the testimony by him may be excepted to by the party aggrieved:"—

*Held,* that the justice exercising this right was not forbidden to emphasize such evidence as he considered most important, nor did the statute require that he should set the probable and the improbable with equal force before the jury, but that, while reserving to the jury the duty of deciding upon the facts, he should not hesitate, when the occasion demanded it, to make such comments on the evidence as he believed would direct the jury to right conclusions.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of defendant, and overruled.

DOUGLAS, C. J.   The evidence shows that the defendant corporation was guilty of negligence in operating its mill without providing a suitable person to supervise the regulation of the water power at a time when it had reason to know that the flow of the river would be irregular, and that the injury to the plaintiff was the result of this negligence; and the damages assessed by the jury do not seem to be excessive.

The motion to set aside the verdict and direct a new trial was therefore properly denied, and the exception to that ruling is overruled.

The defendant excepts also to certain portions of the judge's charge, in which he instructed the jury, in answer to a request by the defendant, as follows:

"The jury can not find that the defendant is guilty of not making inspection of the regulator on the night in question without evidence that inspection was usual and necessary. But as explanatory of that, I have already said to you that you

may, if you think it is right and just from the evidence, find that an inspection was necessary and find it from this fact, if you find such to be the fact, that the defendant did keep somebody in the daytime to look after this power and see to it and failed to do so in the nighttime, now, if you find that to be the fact, you may find that the defendant was guilty of negligence in not causing somebody to look after it at night or causing some inspection to be made of it at some time during the night.

"MR. MURDOCK—We desire an exception to that last part of your charge which I understood you to charge that the jury may find that there was negligence not to have an inspector at night from something that happened during the day.

"THE COURT—If I said that, gentlemen, I didn't mean it. All I mean to say is this: that, as bearing upon that question whether the defendant was guilty of not having inspection made at night, you may take into consideration the fact, if you find it to be the fact, that the defendant did have somebody to look after the power in the daytime and failed to have anybody to look after the power in the nighttime. I don't charge you that is negligence. I charge you, however, that as bearing upon that question you may take that fact and circumstance into consideration. That is what I intended to say before."

Taking the whole of this instruction together, we can not say that it was erroneous. The evidence showed that always during the daytime, while the mill was running, some officer or employee of the defendant made frequent inspection of the regulator and water supply, and that on the night when the accident occurred, which was the first night that the mill had been operated, no such officer or employee was present. In determining whether such a person ought to have been supplied in the nighttime it was proper for the jury to consider that such service was treated by the defendant as necessary when the mill was run by day. The objection urged by the defendant's counsel, however, is not so much to the correctness of this instruction as because they conceive it to be beyond the province of the court to call the attention of the jury to a portion of the evidence.

(1)    In many States of the Union the scope of the judge in charging the jury is circumscribed by strict statutes. Some of the cases cited from such States would doubtless forbid the use of the language here excepted to. The law in Rhode Island has never imposed such a restraint upon the discretion of the judge.

The constitution until 1903 required that the judges of the Supreme Court should "in all trials instruct the jury in the law," but was silent as to the facts. (Cons. Art. X. § 3.) The Digest of 1844 required the judges to instruct the jury in the law and allowed them to "sum up the evidence in each cause for the instruction of the jury whenever they shall deem it advisable so to do." (p. 93, § 15; p. 97, § 8.) Substantially the same provisions appear in the Revised Statutes of 1857, chapter 164, section 26, and chapter 165, section 13; in the General Statutes of 1872, chapter 181, section 31, and chapter 182, section 13, adding the words "but any material misstatement by the court of the testimony shall upon motion of the party aggrieved be cause for a new trial." The same provisions appear in the Public Statutes of 1882, chapter 192, section 32, and chapter 193, Section 12, and in the General Laws of 1896, chapter 223, section 13, and in the court and practice act of 1905, section 23, which is now in force, as follows: "In every case, civil and criminal, tried in the superior court with a jury, the justice presiding shall instruct the jury in the law relating to the same, and may sum up the evidence therein to the jury whenever he may deem it advisable so to do; but any material misstatement of the testimony by him may be excepted to by the party aggrieved." Under these provisions the duty of the judge is imperative in every case to instruct the jury in the law applicable to it, but he is not required to comment upon the testimony unless he deems that by so doing he may assist them in coming to a right conclusion. When the judge shall exercise this right is left to his sound discretion, but the only limitation laid upon him is that in doing so he shall make no material misstatement. The object of this permission is obviously that the jury may have the benefit of an impartial recapitulation of the evidence on both sides of the issues involved before these issues are submitted to them for final de-

termination. But this does not forbid the judge to emphasize such evidence as he considers most important or require that he shall set the probable and the improbable with equal force before the jury. While scrupulously reserving to the jury the right and duty of deciding upon the facts according to their own consciences, he should not hesitate, when in his opinion the occasion demands it, to make such comments on the evidence as he believes will direct them to right conclusions.

The function of a court of justice is to ascertain and declare the truth upon the issues presented; not to see that truth and error are treated with the same favor. The summing up of the evidence would be of little advantage to the jury if the totals on both sides of the issue were required to be stated as equal.

The proper attitude of the judge toward the jury with respect to comments upon the evidence is correctly stated in 11 Ency. Pl. & Pr. 91 IV. b. as follows: "In England, and in the United States Courts, and in such of those states as have no constitutional or statutory provision against charging as to matters of fact, it is competent for the judge to give his opinion of the weight of any part or the whole of the evidence provided the ultimate decision of the facts is left to the jury. But when the judge gives his own views as to the weight and sufficiency of the evidence it is absolutely essential that the jury should be made distinctly to understand that the instruction was not given as a point of law by which they are to be governed but as a mere opinion as to the facts to which they should give no more weight than it is entitled to receive. The charge should not so infringe the province of the jury as to relieve them from the necessity of pronouncing an intelligent judgment. They should be made to feel that upon them alone devolves the responsibility of their verdict." See also the numerous cases cited.

It was said by Ames, C. J., in *State* v. *Lynott*, 5 R. I. 295, in commenting upon a charge in a criminal case: "Had the judge confined himself to expressing this opinion merely, leaving the jury, however, at liberty to draw their own inference in this respect from the evidence submitted to them, we should not deem such expression of opinion the proper subject of an ex-

ception, even though we might differ from him in his conclusion. See also *Hartshorn* v. *Ives*, 4 R. I. 471, 476, and *State* v. *Quigley*, 26 R. I. 263, 269.   The portion of the charge excepted to in the case at bar came well within the rule, and the exception thereto must be overruled.

The cause will be remanded to the Superior Court for judgment on the verdict.

*George W. Greene, and James H. Rickard, Jr.*, for plaintiff.
*Tillinghast & Murdock*, for defendant.