HENRY MILLER *vs.* BERTRAND M. BESSETTE.

JANUARY 29, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This action in assumpsit was brought by the plaintiff to recover a broker's commission alleged to be due him upon the defendant's sale of his own house to a customer produced by plaintiff.   In the superior court a jury rendered a verdict for the plaintiff and thereafter the trial justice denied defendant's motion for a new trial.   The case is here on defendant's bill of exceptions to that decision and to the charge as given by the court.

The evidence for plaintiff tends to show that he was a builder who acted at times as a broker in the sale of houses owned by other builders such as defendant; that he had the latter's permission to show a house at 26 Welden street in the city of Pawtucket which defendant had built for sale; that it was agreed defendant would pay him $200 commission if he sold the house for the price of $9,300; and that plaintiff did not have or claim the exclusive right to sell the house.

He testified that, in response to an advertisement for the sale of a house built and occupied by himself, a prospective purchaser Robert E. Johnson and his fiancee came to plaintiff's office; that they were looking for a house in the $9,000 bracket; that after offering them his own house, which had a garage and other equipment, for $9,900, he took them to look at other houses including that of the

defendant; that while defendant was on the premises and with his permission the house in question was shown and offered to Mr. Johnson for $9,300 in accordance with the agreement; and that in less than a month the prospect went directly to defendant and completed the purchase of the house for $9,300. According to plaintiff, when the transfer appeared in the paper he telephoned to defendant concerning the commission and the latter offered only $50, which was refused. He then brought the instant action.

The evidence for defendant on the other hand tends to show that the agreement with plaintiff was in substance that defendant would pay $100 commission if the house was sold for $9,300 and $200 commission if the sale price was $9,400; that defendant had not met, and plaintiff had never informed him of the name of, the prospect in question; that when plaintiff telephoned after the sale had been made he asked for $50 commission and, after defendant had consulted the purchaser, plaintiff was told that if he were entitled to $50 he had a right to the full commission but that he did not consider plaintiff had earned any of it. Moreover the purchaser, whom plaintiff claims to have procured, testified for the defendant. That witness stated he had been given the impression by plaintiff's attitude that he was not trying to sell defendant's house so much as he was contrasting its value with plaintiff's own house in order to induce the prospect to purchase the latter for $9,900.

The defendant does not contend that the trial justice incorrectly stated the principle of law relating to an agent's right to a commission even on a sale consummated by the owner, which was read from the case of *G.L. & H.J. Gross* v. *Tillinghast*, 35 R. I. 298. But he points out that the trial justice called to the attention of the jury only plaintiff's testimony and nowhere adverted to the evidence for defendant as to the nature and extent of the agreement, as to the proposed $50 payment to plaintiff, and as to whether plaintiff acted in good faith as defendant's agent in attempting to sell the house.

We have examined the charge of the court and we do not find that the trial justice therein presented fairly and adequately the evidence for both plaintiff and defendant in connection with certain material issues of fact. Some testimony of the plaintiff was stated to the jury as if it were the only evidence on such issues whereas there was in fact a conflict thereon. For example, after stating the law to be followed if the jury found plaintiff to be the procuring agent for the sale of defendant's property, the trial justice summarized this issue as follows: "It is whether Mr. Miller procured a purchaser who was ready, able and willing to buy the property. Mr. Bessette said that he agreed to pay him $200.00."

Neither there nor elsewhere in the charge did the trial justice proceed in general or specific terms to call the jury's attention to defendant's pertinent testimony, which is as follows: "I told him that usually my houses were priced so that I didn't get rich on them, and I could not afford to pay a commission over my selling price. $9300.00 was what I would like. He explained would it be all right to price the house high enough so that he could get $200.00 out of it. I agreed. I said, 'If you can get an extra $100.00, I will pay the other $100.00. If you can sell the house, I will pay the $200.00 commission.' He was to try to get $9400.00."

The absence of any reference to defendant's evidence in that respect is emphasized in a later part of the charge which instructed the jury: "If you find for the plaintiff, he would be entitled *in addition* to the *$200.00,* to interest at the rate of 6% from the time of demand * * *." (italics ours) Consequently these instructions deprived defendant of the right to have the jury determine whether the agreement was actually as stated by plaintiff or as testified to by defendant, and also prevented the jury from bringing in a verdict for plaintiff for $100 even if they found that the agreement was as defendant had testified.

A similar confusion resulted in relation to the issue as to

the proposed payment of $50 to plaintiff. As to that the trial justice stated: "You may consider the dispute about the $50.00. Mr. Miller said that Mr. Bessette wanted to give $50.00. Consider whether that was an admission of his liability or a repudiation of the contract." Apart from the mere reference to "the dispute about the $50.00," the trial justice in effect submitted that issue as if defendant had presented no testimony contrary to plaintiff's explanation.

This was not in accordance with the transcript, which shows that when defendant learned from the purchaser that plaintiff "was not trying too hard to sell him [the purchaser] the house" but had used it to contrast the value of his own house which he had for sale, defendant became angry. He then telephoned plaintiff and, according to his testimony, it was the plaintiff who in such conversation stated "it should be worth a $50.00 bill" and that defendant replied: "If it is worth $50.00 it is worth a commission, but the way I feel I don't feel I owe 10 cents. It is a fact if you are hired by me you are expected to work for my interest. You were not working for my interest. Therefore, I don't feel that I owe a dime."

Where it becomes necessary or advisable for the court to point up or summarize certain evidence in order to assist the jury in applying the law as given, the trial justice should exercise care to do so fairly to both parties. He should not mislead the jury as to the evidence or leave the clear impression that the court is deciding an issue of fact which is properly for their determination. Here at least on two vital issues reference is made to plaintiff's testimony and none whatever to the opposing evidence for defendant. Nor do we find elsewhere in the charge where these statements of evidence are corrected or rendered nonprejudicial by other language which would fairly present to the jury the precise issues for them to determine on the conflicting evidence. In our judgment the charge of the court unduly emphasized the evidence for the plaintiff and thereby failed to fairly present certain vital issues for the jury's

determination on the sharply conflicting evidence. Because of this conclusion it is unnecessary to consider defendant's other exception.

The defendant's exception to the charge is sustained, and the case is remitted to the superior court for a new trial.

*Greenough, Lyman & Cross, Alfred B. Stapleton,* for plaintiff.

*Philip M. Hak, Deeb G. Sarkas,* for defendant.