**241 A.2d 613.**

CAROL COOPER *vs.* RICHARD N. JOHNSON.

CAROL COOPER *vs.* SHIRLEY A. JOHNSON.

CLARK A. RICHARDSON *vs.* SHIRLEY A. JOHNSON.

GALE A. RICHARDSON *vs.* SHIRLEY A. JOHNSON.

GALE A. RICHARDSON *vs.* RICHARD N. JOHNSON.

CLARK A. RICHARDSON *vs.* RICHARD N. JOHNSON.

MAY 7, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. These six actions of trespass on the case for negligence were brought by three plaintiffs against the defendants for personal injuries and were consolidated for trial in the superior court. Although commenced prior to the effective date of the new rules of civil procedure of the superior court, the cases were tried thereafter before a justice of that court sitting with a jury and resulted in verdicts for the plaintiffs in all cases. The trial justice thereupon entered a judgment on the verdict in each case. He subsequently denied the defendants' motions for new trials. The cases are before us on the defendant's appeal, in each case, from the judgment on the verdict.

The defendants contend: that the trial justice erred in his charge to the jury on the question of contributory negligence; that the trial justice erred in referring to the

ad damna in his charge to the jury and in sending the jury back to correct its verdict; that the trial justice erred in permitting counsel for one of the plaintiffs to cross-examine two of the other plaintiffs; and that the trial justice erred in denying the defendants' motions for new trials.

The pertinent facts are as follows. On December 23, 1961, plaintiffs, Carol Cooper and the Richardsons, were enroute to a restaurant in a car driven by Edmund G. Cooper, Jr. Following them in a car were defendant Richard N. Johnson and his wife Charlene with Mr. Johnson driving.[1] While on Valley Street, in the city of East Providence, the Cooper vehicle suddenly swerved to the left and collided with a utility pole causing severe injury to all plaintiff passengers.

The evidence relating to the cause of the accident is conflicting. The evidence presented by plaintiffs is in substance that the Johnson car attempted to pass the Cooper car on the right and thereby caused the Cooper car to strike a pole on the left-hand side of the road. The defendants deny plaintiffs' version and presented evidence to show that the cause of the accident was an automobile stopped in the driving lane of the highway which defendants claim caused the operator of the Cooper car to suddenly swerve into the telephone pole. We shall discuss the evidence in more detail as we consider the issues raised by defendants' appeals.

The defendants have briefed and argued the grounds on which they base their appeals under four main points. The plaintiffs have replied in like manner. For convenience we shall treat the appeals similarly.

I

The defendants contend that the trial justice gave a

---

[1]None of these parties were married on December 23, 1961. For convenience, however, we will refer to all parties by their married names.

confusing, misleading and contradictory charge on the issue of plaintiffs' contributory negligence and, in so doing, practically directed the jury to find a lack of contributory negligence on the part of plaintiffs. The trial justice charged the jury on this question as follows:

> "Now what must the plaintiff prove by the fair preponderance of the evidence? First of all she must prove that she herself was in the exercise of due care. I don't think you are going to have too much of a problem on that point, for the simple reason that each one of these plaintiffs was a passenger and had nothing to do with the operation of the Cooper car, and whatever you may find as to the operation of the Cooper car, the three passengers had nothing to do with the operation of that, and even if you were to find that the Cooper driver was negligent, any negligence on his part cannot be imputed to the passengers, it doesn't carry over to the passengers, and that does not deprive them of their standing in their suit against a driver of another vehicle. But, the fact is, that in any negligence case, before the plaintiff can prevail, he or she must satisfy the jury that he, or she, was in the exercise of due care."

At the trial, the defendants objected to the charge as follows:

> "The defendant objects * * * to Your Honor instructing the jury * * * using the words—That all of the plaintiffs were passengers and had nothing to do with the Cooper car."[2]

The thrust of this objection is that the use of these words by the trial justice constituted an invasion of the jury's province on the question of contributory negligence. The

---

[2]We shall assume, without deciding, that this objection was made in compliance with the provisions of rule 51 (b) of the rules of civil procedure of the superior court which states, in pertinent part, that

"* * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * *"

defendants maintain that the trial justice virtually directed the jury to find for plaintiffs on this issue. We find no merit in defendants' contention. There is no evidence in this record to the effect that plaintiff passengers had any control over the driver of the vehicle in which they were riding. Nor is there any evidence in the record from which one could reasonably infer that plantiff passengers had an opportunity to forewarn their driver of impending danger. Nor is there any other evidence in the record upon which the jury could reasonably base a finding that plaintiffs were not in the exercise of the due care required of them as passengers. *Shine* v. *Wujick,* 89 R. I. 22, 29, 150 A.2d 1, 4. In these circumstances, it was proper for the trial justice to stress to the jury that the issue of negligence rather than contributory negligence should be the focus of its attention. It is both the privilege and the duty of a trial justice to emphasize in his charge such issues as he deems most important providing that he misstates neither the law nor the evidence in so doing. *Desautelle* v. *Nasonville Woolen Co.,* 28 R. I. 261, 66 A. 579.

## II

Under this point defendants have briefed and argued two objections. The first is to the following reference to the ad damnum[3] in each case by the trial justice in his charge to the jury:

> "Now the attorneys have mentioned the fact that there is what we call an ad damnum in each writ— that is the amount that the plaintiff is suing for. In the case of Carol Cooper it is fifty thousand dollars; in the case of Clark Richardson it is twenty-five thousand dollars; and in the case of Gail Richardson twelve thousand dollars. I mention that to you to tell you

---

[3]The writ was issued and the declaration filed prior to the effective date of the new rules and this explains the inclusion of the ad damnum, as such, in the writ and declaration. Rule 8 (a) of the new rules was not then in force.

that those figures mean nothing, except as an outside limit beyond which the jury would not be expected to go."

Notwithstanding plaintiffs' claim that defendants' objection was not made in accordance with the provisions of rule 51 (b), and that it is therefore not properly before us, we shall assume for the purposes of this case that such provisions were complied with.

The defendants concede that it has been common practice in this state for the trial court to mention the ad damnum to the jury and to caution them as to its limiting effect. They also acknowledge that although the authorities in other jurisdictions are divided on this question, this court has approved such practice. In *Revens* v. *Berth,* R. I., 147 A. 751, at 752, the trial justice charged that, if the jury returned a verdict for the plaintiff, it could not allow a sum with interest exceeding the ad damnum. In passing upon said charge on appeal, this court said:

"* * * This is a correct statement of law, as it is elementary that a verdict cannot exceed the amount of the ad damnum. * * *"

The defendants argue, however, that in this instance the charge on the ad damna confused and misled the jury. In *Grimes* v. *United Electric Rys.*, 58 R. I. 458, 467, 193 A. 740, 744, we indicated that an instruction as to the ad damnum which is stated in such a way as to suggest a verdict for the amount claimed is ground for reversal. In that case the trial justice charged the jury as follows:

"* * * The limit is twenty-five thousand dollars, and under that you can find any amount you want to, but that is the limit.' * * *"

In considering the validity of this charge, we held that:

"* * * Standing alone, this remark would be improper, but it does not so stand. It cannot be isolated from its context. It should be read in connection with the entire charge which precedes it, and especially in connection with the additional instructions given by the trial justice shortly thereafter, when he again referred

to the question of damages and said, 'but bear in mind all the time that these injuries and these damages for which the plaintiff can recover must be attributable to being struck by this electric car.' * * *"

In the instant case, the trial justice's charge on the ad damna, when read in context, in no way suggests a verdict for the amount claimed. He was explicit in cautioning the jury as to the limiting effect of an ad damnum and instructing the jury that plaintiffs were only entitled to damages proximately resulting from defendants' negligence. Absent a showing that defendants were prejudiced by the trial justice's reference to the ad damna we find no merit in the instant objection and accordingly overrule the same.

We come now to defendants' objection to the action of the trial justice in asking the jury to retire again after they announced their verdicts and in giving them further instructions at that point. Because we are convinced that there is no merit in this objection, we refrain from a lengthy discussion of this issue.

It appears from the transcript that when the foreman of the jury was first asked whether the jury had agreed upon a verdict and whether it found for the plaintiff or the defendant, he replied that it had agreed upon a verdict in favor of the plaintiff. He was then asked in what sum and he replied: "The maximum sum that was told us by the judge." After some discussion in open court between the trial justice, the clerk of the court, and the foreman with respect to the question of whether the jury had agreed upon a specific verdict in each case, the foreman replied in the affirmative. The foreman then proceeded to state the specific amount of each verdict. The members of the jury were then asked by the clerk if each verdict was their verdict and they replied in the affirmative.

Because of the original reply of the foreman, the trial justice then gave the jury further instructions on the question of damages and asked it to return to the jury

24

room so that there could be no question as to the true meaning of their verdicts. The jury retired and returned ten minutes later with identical verdicts.

In our judgment there is no merit in defendants' objection to the procedure followed by the trial justice in asking the jury to retire after giving them further instructions on the question of damages. A reading of the pertinent portions of the transcript shows that, notwithstanding the foreman's original inadequate reply, the jury had arrived at a verdict in a specific amount in each of the cases. The instant objection is overruled.

### III

We next consider defendants' contention that the trial justice erred in permitting counsel for plaintiff Carol Cooper to cross-examine two of the other plaintiffs who were represented by different counsel on matters to which they had previously testified on direct examination. The defendants contend that there was no necessity for the cross-examination; that it was merely a device to interrogate a favorable witness in order to present plaintiffs' stories to the jury for a third time; and that in allowing such cross-examination, the trial justice committed reversible error. Without passing on the question of whether one plaintiff has the right to cross-examine a co-plaintiff in a case consolidated for trial, we conclude that no prejudice resulted to defendants from the cross-examination conducted in the instant cases.

### IV

The defendants base their contention that the trial justice erred in denying their motions for new trials on the ground that he overlooked and misconceived material evidence. In considering this contention, we believe that a brief discussion of the conflicting evidence as to the cause of the accident will be helpful.

The plaintiffs presented evidence that Edmund Cooper was forced into the pole by defendant Richard Johnson's negligent act of attempting to pass on the right. The plaintiffs further testified that there was no parked car in the middle of Valley Street. Their evidence also indicates that the Johnson car went past the scene of the accident and then proceeded to back up. In addition, police witnesses testified that no car was parked in the middle of the highway when they arrived at the scene of the accident and that the only parked car they found at the scene was the Johnson vehicle.

Carol Cooper's mother, Mrs. Irma Sibielski, testified that she went to the hospital shortly after the accident; that defendant Richard Johnson was there; and that during the course of her conversation with him he said: "I am sorry I hit their car."

The accident occurred directly in front of an establishment then known as the Parkway Social Club. Henry J. Moniz, the proprietor, came out as soon as he heard the crash. He testified that he saw a car backing up to the accident scene but that there was no unattended vehicle in the middle of Valley Street.

One Manual Andrade was also called as a witness by plaintiffs. He testified that he was driving in the same direction as the Cooper and Johnson vehicles, about 700 feet behind the Cooper car; that there was no car parked in the middle of the street ahead of the Cooper car; that he saw the Cooper car swerve just before it struck the pole; and that there was no car, except his own, behind the Cooper car.

Mr. Harold Lewis, then an employee of the Parkway Social Club, was called as a witness by plaintiffs. He testified that just before the accident he was on the front steps of the club when the accident occurred; that he saw two cars side-by-side on Valley Street; that one car passed the other on the right; that the passing car had only two

people, a man and woman, as occupants; and that the passed car swerved to its left and hit the pole. He also testified that there was no car parked in the middle of the road; that there was one car parked in front of the club; and that after the accident the Johnson car backed up to the scene of the accident.

The defendants' testimony is in substance that the Johnson car was following the Cooper car and that it was some three to five car lengths directly behind the Cooper car when the accident happened; that Mr. Cooper swerved to avoid an unattended car parked in the middle of the road and thereby struck a pole; and that he stopped behind the unattended car after the accident. Mr. Johnson testified that he did not strike the Cooper car and that he did not pass it or attempt to pass it. His testimony was corroborated by that of his wife who testified by deposition. Mr. Johnson admitted he spoke with Mrs. Sibielski at the hospital, but denied her version of their conversation.

In passing on the motions for new trials, the trial justice reviewed the testimony of the various witnesses in some detail. He clearly rejected the testimony of Richard Johnson, saying that

> "The defendant, in spite of his outright denials, was not a convincing witness. First, of course, he had an interest in the outcome of the case, but in addition to that, it was obvious to the Court that there was a certain vagueness about some of his testimony, and in some instances it was difficult to understand why he was as vague as he was."

He then gave specific examples of defendant's vagueness.

It is clear from the record that the trial justice relied on the testimony of Mr. Moniz, Mr. Andrade, and Mr. Lewis, all three of whom he characterized as "* * * disinterested people." In fact, he said:

> "When the jury asked to have read the testimony of three disinterested persons, it seems to me that it was the crux of the situation. * * *"

After citing the law governing a trial justice in passing on a motion for a new trial, he frankly stated that he was not at all certain that he would have found for the plaintiffs if he had been hearing the case without a jury, but that it seemed to him that this was a case where reasonable men could disagree on what had taken place and where different minds could naturally and fairly come to different conclusions. In the circumstances he concluded that he had no right to disturb the findings of the jury, even though his own judgment might have inclined him to lean the other way. He further stated that he could not set aside the verdicts on the basis that they failed to respond to the merits of the controversy. In his opinion, they were amply justified by the evidence.

The defendants contend that in rendering his decision on the motions for new trials, the trial justice overlooked and misconceived material evidence. They fail however to point out what evidence he overlooked and misconceived. Our examination of the record discloses no such evidence. It is of no consequence that the trial justice failed to mention or refer to certain evidence which defendants consider favorable to them. As we said in *DiMaio* v. *Del Sesto*, 102 R. I. 116, 122, 228 A.2d 861, 864:

"The failure to refer to other evidence contradictory to that on which the trial justice relied, however, does not constitute misconceiving or overlooking material evidence, if the trial justice refers to the evidence on which he did rely and in so doing *clearly indicates* that evidence to the contrary is rejected by him." (italics supplied)

In the case at bar the trial justice expressly referred to the evidence on which he relied and also indicated the evidence which he rejected. After carefully reading his decision in the context of the evidence we are satisfied that he performed his duty in accordance with our rules as set forth in *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836; that the findings on which he based his ultimate conclusion

are supported by competent evidence and are not therefore clearly wrong; and that he neither misconceived nor overlooked any material evidence. On this record his decision must stand and therefore the defendants' objection to the denial of their motions for new trials is overruled.

In each case the defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Gunning & LaFazia, Raymond A. LaFazia, Bruce M. Selya*, (for plaintiff Carol Cooper).

*Greenwald & Santaniello, Martin Greenwald*, (for plaintiffs Clark A. and Gale A. Richardson).

*Jordan, Hanson & Curran, Kirk Hanson, Alan A. Ransom*, (for defendants, Shirley A. Johnson and Richard N. Johnson).