Cheshire,
No. 5446.

MERRILL J. LAPLANT

*v.*

AETNA CASUALTY & SURETY CO.

Submitted February 1, 1966.
Decided April 29, 1966.

*Cristiano & Kromphold* ( by brief ), for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden* ( by brief ), for the defendant.

WHEELER, J. Petition for declaratory judgment brought by Merrill J. Laplant against the Aetna Casualty and Surety Company to determine the liability of the defendant for certain interest allegedly due to John J. Sabolevski, individually and as father and next friend of Charlene Sabolevski as a result of certain verdicts recovered against the defendant herein. Plaintiff Laplant

was the named insured in a certain liability insurance policy issued by the defendant.

In its answer the defendant admitted all material allegations of fact set forth in the petition. All issues of law raised therein were reserved and transferred without ruling by *Morris, J.*

John J. Sabolevski brought actions individually and as father and next friend of Charlene Sabolevski against Laplant Moving & Storage Co. and Kenneth W. Nims. Trial by jury resulted in verdicts against both defendants in Charlene's actions in the amount of $45,000 and for John in his actions individually in the sum of $4,756.72.

The interest on the verdicts in Charlene's actions from the date of the writ (May 23, 1962) to the date of judgment (May 4, 1965) is $7,957.50 with costs amounting to $161.33. Interest on the amount of the judgment exclusive of costs from judgment day to the date of the tender by the defendants amounts to $529.58.

The interest on John's verdicts from the date of the writ to judgment day is $49.95 plus costs of $17.25 and interest on the judgment exclusive of costs from the date of judgment to the date of tender (July 4, 1965) is $48.07. The total verdicts, interest and costs in all cases amount to $58,520.40.

On the day of the accident, plaintiff Laplant was insured with the defendant under a policy the limits of which were $25,000/$100,000 and $10,000 property damage. The basic policy limit covering the Nims' motor vehicle was $25,000.

On July 4, 1965 the two insurance companies tendered to counsel for the plaintiff the sum of $50,756.23 which represented the policy limits of the two companies plus costs and interest in both actions from the date of judgment to the date of tender.

The only issue before us is whether the defendant is liable in addition for the interest on the face amount of the combined verdicts of $49,756.72 from the dates of the writs to May 4, 1965. This interest is included in the judgments upon which the insuring companies have tendered interest accruing after May 4, 1965.

The applicable provisions of the defendant policy insuring the plaintiff's motor vehicle are as follows: "With respect to such insurance as is afforded by this policy, the Company shall . . . ( b ) ( 2 ) pay all expenses incurred by the Company, all costs

taxed against the Insured in any such suit and all interest accruing after entry of judgment until the Company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the Company's liability thereon . . . ( 4 ) reimburse the Insured for all reasonable expenses, other than loss of earnings, incurred at the Company's request; and the amounts so incurred, except settlement of claims and suits, are payable by the Company in addition to the applicable limit of liability of this policy."

The defendant contends that by tendering the policy limit and all interest accruing *after judgment* date upon the full amount of the judgment, Aetna has fulfilled its obligations to Laplant under its contract of insurance, citing *Powell* v. *T. A. & C. Taxi,* 104 N. H. 428, 432 as its authority for this contention. ( Emphasis supplied ).

The plaintiff contends that he is also entitled, over and above the policy limits to be paid the amount of the interest on the verdicts from the date of the writs to the date of judgment, amounting to $8,007.45.

In construing RSA 524:1-b ( supp ), upon which the plaintiff relies, this court said: "Under this statute the plaintiff is entitled to judgment against the defendant which will include interest on the damages ( i.e. the verdict ) computed by the Clerk of Court from the date of the writ in accordance with the statute. The insurer's undertaking by its policy to pay interest 'accruing after entry of judgment' *makes it liable to pay interest on the amount of such judgment* from the date of the judgment." ( Emphasis supplied ). *Powell* v. *T. A. & C. Taxi Co., supra,* 432, and cases cited. See Annot. 76 A.L.R. 2d 983, 987, 4, ( a ).

Thus the tort defendant's liability to the tort plaintiff includes interest from the date of the writ to the date of judgment. But the undertaking of the insurer obligates it to pay only so much of the interest accruing from the date of the writ to the date of judgment as when added to the face of the verdict equals the limit of the policy. In these cases, the verdicts plus the interest from the date of the writ exceeded the aggregate coverage. Thus when the insurers tendered the aggregate coverage of $50,000, they tendered the face amounts of the verdicts, plus $243.28 of the interest which accrued prior to judgment. In addition they

tendered the full amount of interest which accrued on the judgments between the date of judgment and the date of tender. This satisfied their undertaking to pay "all interest accruing after entry of judgment until [they have] paid . . . such part of such judgment as does not exceed the limit of . . . liability." It follows that the defendant has satisfied its liability to the plaintiff in full.

*Judgment for the defendant.*

All concurred.