**262 A.2d 370.**

FACTORY MUTUAL LIABILITY INSURANCE COMPANY OF AMERICA *vs.* CAROL COOPER *et al.*

FEBRUARY 24, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This proceeding was brought by the plaintiff to determine the extent of its liability to the defendants, who are judgment creditors of the plaintiff's insured, and to require defendants to interplead their rights to certain funds. The case was heard by a justice of the Superior Court on cross-motions of the parties for summary judgment. The narrow issue presented by these motions was whether plaintiff was liable in excess of its policy limits for prejudgment interest that was included in the judgments in accordance with the provisions of G. L. 1956, §9-21-10, as amended by P. L. 1966, chap. 1, sec. 10.[1] After the hearing the trial justice rendered a decision granting the plaintiff's motion and denying the defendants' motions. An amended judgment, based on the trial justice's decision, was entered, and from such decision the defendants prosecuted this appeal.

---

[1]Section 9-21-10 reads as follows:

"Interest in action for damages to the person or to property.—In causes of action and actions for damages to the person or to real and personal estate in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages, interest thereon from the date of commencement of the action which shall be included in the judgment entered therein."

This action arose out of an automobile accident which occurred in 1961 and pertains to the judgments entered in the litigation resulting therefrom. In *Cooper* v. *Johnson,* 104 R. I. 17, 241 A.2d 613, we affirmed the judgments entered therein in favor of the present defendants against Richard N. Johnson and Shirley A. Johnson, insureds of the plaintiff.[2] The judgments included prejudgment interest calculated in accordance with §9-21-10.

The limits of liability of the policy in effect at the time of the accident provided coverage for bodily injury of $10,000 for each person and $20,000 for each occurrence.

On June 13, 1968, plaintiff filed a motion to deposit in the registry of the court its policy limit of $20,000, plus $4,710.62 representing interest after judgment and $165 for taxable costs, a total of $24,875.62.

On June 26, 1968, by agreement of the parties, an order was entered in the Superior Court denying plaintiff's motion to deposit such funds with the registry of the court. The order went on to apportion plaintiff's policy limits, the costs which had been taxed against the insureds, and the interest from the date of entry of the judgment to June 21, 1968, on the entire amount of the judgment recovered by each defendant.[3] The order also provided that, upon making such payments, the plaintiff would be discharged from all liability under the policy; however, the discharge of the plaintiff and its insureds was limited to certain con-

---

[2]The judgments were as follows: Carol Cooper—$29,750; Clark A. Richardson—$14,875; and Gale A. Richardson—$7,140.

[3]Under the terms of the order the allocation was as follows: To Carol Cooper—$10,000 on the judgment, $82.50 for costs, and $2,707.25 for interest.

To Clark A. Richardson—$6,700 on the judgment, $41.25 for costs, and $1,353.63 for interest.

To Gale A. Richardson—$3,300 on the judgment, $41.25 for costs, and $639.74 for interest.

ditions set forth in a letter to plaintiff's counsel dated June 25, 1968. It is undisputed that compliance with the June 26 order was, by agreement, subject to the terms and conditions contained in the June 25th letter. One of those conditions, and the only one germane to this appeal, provides that nothing contained in the June 26th order should "* * * be deemed to discharge the plaintiff, or its assureds, from interest accruing from the date of the writs in the original tort action to the date of verdicts therein."

The only question raised by this appeal is whether, under the provisions of the policy involved in this action, plaintiff is obligated to pay, in excess of its policy limit, interest added to the verdicts in accordance with the mandate in §9-21-10. We hold that it is not liable for such payment and that the only interest it is obligated to pay, in addition to the applicable limits of liability, is all the interest which accrued on the entire amount of the judgments after entry of such judgments and before the company paid or tendered or deposited in court those parts of the judgments which did not exceed the limit of plaintiff's liability.

An insurance policy is a contract between the insurer and the insured. When the terms of a contract are clear and unambiguous, it must be applied as written, and, absent fraud, mutual mistake or other similar cause, the parties are bound by the terms of a written instrument. *Phillips* v. *Columbus Wholesale Grocery Co.*, 60 R. I. 47, 197 A. 197. If the language of a contract is ambiguous, it is ordinarily interpreted more strongly against the writer thereof, *Connors* v. *Dagiel*, 88 R. I. 113, 143 A.2d 297; when the language of an insurance policy admits to two reasonable constructions, the fault must be charged to the insurer who selected the language, and the language is interpreted in favor of the insureds. But, in seeking to ascertain the intent of the parties, an insurance policy must be examined

in its entirety and language used must be given its plain, ordinary and usual meaning. *Nagy* v. *Lumbermens Mutual Casualty Co.*, 100 R. I. 734, 219 A.2d 396.

With these rules in mind we examine the language of the policy involved in this case.[4] In Part I plaintiff promised "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as *damages* because of * * *" (italics supplied) bodily injury up to the $20,000 limit set forth in the policy's coverage. In the portion of Part I dealing with "Supplementary Payments," plaintiff obligates itself to pay, in addition to the limits of liability, " * * * *all expenses* incurred by the company, *all costs* taxed against the insured in any * * * suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid * * *." (Italics supplied.)

---

[4]The pertinent policy provisions read as follows:

"Part I — Liability

"Coverage A—Bodily Injury Liability;

"Coverage B—Property Damage Liability

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

"A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by any person;

"B. * * *

"arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient.

"Supplementary Payments

"To pay, in addition to the applicable limits of liability:

"(a) all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon * * *."

What does the policy mean by the word "damages" as used in its clauses? It is clear from the provisions of Part I that the insurance company promises to pay on behalf of the insured, up to the policy limits, only *"all sums* which the *insured* shall become legally obligated to pay as *damages."* (Italics supplied.) What "sums" did the insured become legally obligated to pay as "damages" within the language of this clause? The insureds became legally obligated to pay the total amount of all the verdicts returned by the jury against them. In addition, by virtue of the provisions of §9-21-10, they became legally obligated to pay interest thereon from the date of commencement of the action. This prejudgment interest is thus included in the judgments. Therefore, these judgments represent the sums which the insureds were "legally obligated to pay as damages" as a result of the 1961 automobile accident.

In our judgment, the policy language "all sums which the insured shall become legally obligated to pay as damages" and "damages which are payable under the terms of this policy" is unambiguous, and the clause "legally obligated to pay as damages" refers to the judgments entered by the clerk of the court under our practice and not to the amount of the verdicts.

The obligation of the plaintiff is, of course, different from that of the insureds. The latter remain liable for the total amount of the judgments, but the liability of the plaintiff insurance company is limited to the policy limit of $20,000, plus the supplementary payments which it is obligated to make under the "Supplementary Payments" provision in Part I of the policy. We hold that the plaintiff is not obligated to pay as "damages" interest in excess of its policy limit added to the verdicts under §9-21-10.

*Laplant* v. *Aetna Casualty & Surety Co.*, 107 N. H. 183, 219 A.2d 283, and *Cleghorn* v. *Ocean Accident & Guarantee Corp.*, 244 N. Y. 166, 155 N. E. 87, which involved a

question similar to the issue in the case at bar, support the view we have taken. We have considered defendants' attempt to distinguish *Laplant,* but do not agree with them. We agree with the views stated in *Laplant* and *Cleghorn,* both *supra,* and refrain from discussing them in detail only because it would unduly prolong this opinion. Nor do we see how defendants can get any support from *Kastal* v. *Hickory House, Inc.,* 95 R. I. 366, 187 A.2d 262 and *Foster* v. *Quigley,* 94 R. I. 217, 179 A.2d 494, both of which they have cited.

Next we consider defendants' contention that prejudgment interest should be included in the words "expenses incurred by the company" and/or "costs taxed against the insured in any such suit" appearing in the policy. They argue that, since the policy does not define what the company encompasses within the term "expenses" nor explain whether "all costs taxed against the insured" was meant to be limited to sheriff, witness and filing fees, the policy is ambiguous and should therefore be construed against the plaintiff. We find no such ambiguity.

Prejudgment interest is not an expense incurred by the company as the term is used in the policy. The obvious meaning of the clause referring to "expenses incurred by the company" is expenses incurred in the investigation of a claim and any subsequent litigation. Nor is prejudgment interest an item of "costs" within the meaning of the pertinent policy provisions. See 20 Am. Jur.2d, *Costs* §1; 20 C.J.S. *Costs* §1. Compare *Perri* v. *Wood,* 103 R. I. 53, 234 A.2d 663. Rather, prejudgment interest is properly an item of damages included in the judgment to compensate a plaintiff for having waited for that to which he is legally entitled.

We find no merit in defendants' contention that, because the plaintiff was in exclusive control of the running of interest prior to judgment, it ought to pay the disputed in-

terest, either as an expense or cost. The case of *United Services Automobile Ass'n* v. *Russom,* 241 F.2d 296 (5th Cir. 1957), cited by defendants is not in point. Although some of the court's language seems to support defendants' present argument, the issue in that case was whether or not the company's promise to pay "all interest accruing after entry of judgment" required the company to pay such interest on the entire judgment (as the plaintiff's policy specified) or only on that part of the judgment which was within the policy limit.

In the case at bar, since plaintiff has paid its policy limit towards the satisfaction of these judgments, it has discharged its liability with respect thereto, both as to the verdicts and as to the prejudgment interest. The trial justice, therefore, did not err in granting the plaintiff's motion for summary judgment and denying the defendants' motions. For the reason stated the awarded judgment must be affirmed.

Judgment affirmed.

*Jordan, Hanson & Curran, A. Lauriston Parks,* of counsel, for plaintiff.

*Gunning & LaFazia, V. James Santaniello,* for Carol Cooper; *Martin L. Greenwald,* for Clark A. Richardson and Gale A. Richardson, defendants.