700 P.2d 888

**GRUNEWALD & ADAMS JEWELERS, INC., an Arizona corporation, Plaintiff/Appellant,**

v.

**LLOYDS OF LONDON, a foreign corporation authorized to do business in the State of Arizona, Defendant/Appellee.**

No. 2 CA–CIV 5164.

Court of Appeals of Arizona, Division 2.

Jan. 16, 1985.

Review Denied March 12, 1985.

Fred Belman and Patrick Hurd, Tucson, for plaintiff/appellant.

Monbleau, Vermeire & Turley, P.C. by Michael P. Morrison, Phoenix, for defendant/appellee.

OPINION

HATHAWAY, Judge.

Appellant (Grunewald) brought this action for declaratory relief to resolve alleged contractual rights contained in an insurance policy issued by appellee (Lloyds). Cross-motions for summary judgment were filed and Lloyds prevailed. We reverse.

Lloyds issued Grunewald an appraiser's Errors and Omissions insurance policy for the period from November 25, 1980, to November 24, 1981. During that period, a lawsuit was filed against Grunewald sounding in fraud and negligence and arising out of the sale of a diamond by Grunewald. That action proceeded to settlement in the amount of the face value of the insurance policy, i.e., $25,000, less the deductible ($1,500), and Grunewald thereafter made demand against Lloyds to settle the claim for the policy limit. Lloyds responded that the amount available to settle the claim was reduced from the policy limit of $25,000 by deductions for "costs and expenses" incurred in defending the claim, which were at the time approximately $12,000 in attorneys' fees. Thus, approximately $13,000 in coverage remained available for the claim settlement. Grunewald expended its own funds to make up the shortfall in the settlement with the understanding that the instant litigation could proceed to determine if Lloyds could deduct their attorneys' fees under the phrase "costs and expenses."

Lloyds contends that it was entitled to reduce the face amount of the policy limits by amounts expended for attorneys fees in defending the claim pursuant to the following provisions:

"1. The Assured shall bear the first $1,500 of each and every claim (which

expression shall include costs and expenses incurred in connection therewith by or on behalf of the Assured).

2. The liability of the Underwriters hereunder shall not exceed in the aggregate for all claims under this Insurance (including costs and expenses as aforesaid) the sum stated in the said Schedule.

3. The Assured shall not admit liability for or settle any claim or incur any costs or expenses in connection therewith without the written consent of the Underwriters, who shall be entitled at any time to take over and conduct in the name of the Assured the defence of any claim."

Grunewald frames the fundamental issue in this case as "... whether the insurance policy provisions reducing the coverage limits of the policy by 'costs and expenses' should be construed to encompass attorney's fees incurred by the insurer in defense of a claim against the insured." We conclude that they do to the extent of the $1,500 deductible set forth in paragraph 1 of the policy. We find Grunewald's authority inapposite in that it deals with costs recoverable to a successful litigant. Its argument is devoid of authority interpreting the term "costs and expenses" in an insurance policy as excluding attorneys fees. Lloyds concedes that "costs" recoverable by a successful litigant do not include attorney's fees, but points out the irrelevance of such authority to an interpretation of the insurance policy clause. In that connection Lloyds cites decisional authority which we find persuasive.

In *Guin v. Ha*, 591 P.2d 1281 (Alas.1979), the Alaska Supreme Court considered the meaning of the terms "expense" and "costs" in an insurance policy:

"Alaska Guaranty's promise to pay all 'expenses' incurred in the defense of the suit would extend to the expense of ... hiring attorneys to defend the action, and the like." 591 P.2d at 1285.

In *State Surety Company v. Lamb Construction Company*, 625 P.2d 184 (Wyo. 1981), the Wyoming Supreme Court, interpreting provisions in a construction payment bond, stated:

"The federal authorities just discussed suggest that in an indemnity situation the words 'costs' and 'expenses' should be read to include attorneys fees. We agree with the federal case law." 625 P.2d at 198.

The Rhode Island Supreme Court considered the policy term "expenses" in *Factory Mutual Liability Insurance Company of America v. Cooper*, 106 R.I. 632, 262 A.2d 370 (1970):

"The obvious meaning of the clause referring to 'expenses incurred by the company' is expenses incurred in the investigation of a claim and any subsequent litigation." 262 A.2d at 373.

Lloyds' position that Grunewald's reliance upon statutory definitions of "costs" in a litigation context is inapplicable finds support in the trial court's minute entry dated February 2, 1984:

"The court believes that the term 'costs and expenses' set forth in this insurance policy must be defined as it relates to 'costs and expenses' of handling the insurance claim which, may or may not under different circumstances embrace actual litigation. It can be considered that, under the statutory definition defining costs and expenses in relation to actual litigation, attorneys fees are not embraced within that context. But in the specific instance of this case, the court is being asked to construe the terms of the insurance contract and must be mindful of the fact that in many cases attorneys are hired to render legal services in connection with claims that never see the light of a courtroom."

Grunewald begins its argument by submitting

"that the insurance policy limit of $25,000 may be offset by defendant's bona fide 'costs and expenses' only to the extent of the $1,500.00 deductible as stated in paragraph one of the policy. It is Lloyd's position that the costs and expenses are unlimited and can be deducted from the insured amount of $25,000.00 thereby lowering the insurance amount

to potentially zero. Appellant does not agree that any more than the deductible of $1,500.00 per incident can be taken from the policy limit of $25,000.00. For argument's sake, if the policy can be construed to have an additional deductible over the $1,500.00, are attorney's fees includable as costs and expenses?" Lloyds responds that Grunewald's assertion that the offset of costs and expenses is limited to the amount of the deductible was never advanced to the trial court and is precluded since it is raised for the first time on appeal and in any event is incorrect. Lloyds' point seems to be conceded since no reply is made to the issue in appellant's reply brief. However, since we are dealing with summary judgment where disposition on the merits is always preferred and the question presented involves the interpretation of an insurance policy, a question of law where the trial court is given no deference, *Sparks v. Republic Nat. Life Ins. Co.*, 132 Ariz. 529, 647 P.2d 1127 (1982), we will not submit to the handicap of viewing the policy provisions in question through a partially obscured window. Since we interpret the insurance policy independent of the trial court findings, *Sparks*, supra, our uninhibited reading of the provisions in question leads us to conclude that at best the policy is ambiguous. Construing paragraphs 1 and 2 of the policy according to their plain and ordinary meaning, we note that the deductible of $1,500 set forth in paragraph 1 is to include "costs and expenses incurred in connection therewith ('each and every claim') by or on behalf of the Assured." Paragraph 2 sets the aggregate limit for claims "(including costs and expenses as aforesaid)," that is as expressed in paragraph 1. This would indicate that such costs and expenses as delimited by the $1,500 deductible would figure in the underwriter's aggregate liability. In any event we believe the policy language is reasonably susceptible to such a construction and since this interpretation is most favorable to the insured we adopt it.

Moreover, there is another reason for questioning the inclusion of the costs and expenses incurred by Lloyds in the deductible. Whereas such items expectedly inure to Grunewald's benefit through providing a defense, can it be categorically said that they were "incurred ... by or on behalf of the Assured?" We believe, particularly when paragraph 4 of the policy is taken into account (reserving control of litigation and settlements to Lloyds) that a reasonable construction of the policy permits the interpretation that expenditures by the underwriter in defense may be considered on its own behalf and in its self-interest as much or perhaps more than "on behalf of the Assured." A problem of permitting expenses to diminish damage coverage was considered in *Hertzka & Knowles v. Salter,* 6 Cal.App.3d 325, 86 Cal.Rptr. 23 (1970), where the California Court of Appeals quoted with approval the following which we find pertinent:

" 'And there is abundant reason shown by the contract why it would be most unlikely that the parties should intend such a limitation. By one of the conditions of the insurance, the Telephone Company was prevented from making any settlement, or incurring any expense, or interfering in any negotiation for settlement, or in any legal proceeding. If the Casualty Company should set [sic] fit to resist the claim, it could make any defense it pleased, hire such and as many lawyers as it wanted, and prolong the litigation to the last extremity. If its liability for the accident were converted into a fund for carrying on the contest, it could be done without the ordinary risks of litigation, and the only prospect for the assured would be in the remnant, if there should be any. A contract ought not to be construed to an absurd conclusion, if a reasonable one is possible. Moreover, a policy of insurance prepared with much care for the interests of the insurer should be construed favorably to the other party, if the language employed leaves the matter in doubt.' " [Quoting *New Amsterdam Casualty Co. v. Cumberland Tel. & Tel. Co.* (6th Cir.

1907), 152 Fed. 961 at 963.] 6 Cal.App.3d at 335, 86 Cal.Rptr. at 29.

To permit Lloyds' interpretation of the provision in question would allow the possible depletion of all available coverage for damages to the insured's prejudice. We cannot envision such an arrangement as being within the contemplation of the assured under the policy.

For the foregoing reasons, the judgment is reversed and it is ordered that judgment be entered for appellant requiring appellee to relinquish the balance of insurance coverage which it has withheld from appellant, plus the costs, expenses and attorneys' fees of this appeal and attorneys fees incurred by appellant in bringing the underlying action.

BIRDSALL, J., and HARRY GIN, Superior Court Judge, concur.

NOTE: Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge HARRY GIN was called to sit in his stead and participate in the determination of this decision.