Michael **BARBER** et al.

v.

Jose F. **CANELA** et al.

No. 89–222–A.

Supreme Court of Rhode Island.

March 1, 1990.

Gerald McAvoy, John J. Nugent, Jr., and Ronald J. Resmini, Ronald J. Resmini, Ltd., Providence, for plaintiffs.

Joanne McTiernan, Anderson, Anderson & Zangari, Providence, and Frank J. Manni,

and John A. Baglini, Higgins & Slattery, Providence, for defendants.

Before FAY, C.J., and
WEISBERGER and SHEA, JJ.

## OPINION

PER CURIAM.

This case came before a hearing panel of this court pursuant to an order directing the plaintiffs to appear and show cause why their appeal should not be denied and dismissed. The facts of the case are as follows.

Michael Barber and Kim Barber, husband and wife, were injured in a three-car accident that occurred December 23, 1984. After attempting to serve the individuals who were responsible for the operation of the other automobiles, plaintiffs received a *non est inventus* return as to both individuals. They then brought suit pursuant to G.L.1956 (1979 Reenactment) § 27–7–2 which allows a direct action against the insurer under circumstances wherein the individual insured cannot be found. After trial judgment was entered pursuant to a jury verdict for plaintiff Michael in the amount of $87,300 and for Kim in the amount of $3,000. In respect to Michael, both insurance companies, namely Allstate Insurance Company for Jose Canela and USAA Casualty Insurance Company for David Domenick (the individuals responsible for operation of the other motor vehicles), sought to reduce the amount for which they were liable to the policy limits of $25,000 for each policy. The trial justice granted the post-judgment relief and determined that both insurance companies' liability should be reduced to the amount of the policy limits. He further determined that no interest beyond the policy limits would be allowed in respect to the awards. Michael Barber appeals from this post-judgment order. Kim Barber was paid in full.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown by plaintiff Michael Barber. It is clear that § 27–7–2, which allows direct action against an insurer when service against the insured cannot be obtained, is designed only to provide a remedy to the injured party and not to enlarge the liability of the insurer beyond the limits stated in the policy. *See Factory Mutual Liability Insurance Co. of America v. Cooper,* 106 R.I. 632, 262 A.2d 370 (1970). The general rule has been stated in 12A *Couch on Insurance* 2d § 45:833 at 486 (Rev. ed.1981) as follows:

"As a general rule, and in the absence of contrary provisions in the statutes or policies, provisions giving the injured person the right to sue the automobile liability insurer do not enlarge the insurer's liability, but merely enable the injured person to succeed to the insured's rights against the insurer. That is, the right of the claimant is merely derivative, being derived from that of the insured, and is therefore dependent upon the existence of liability of the insurer to the insured under the contract of insurance."

Consequently the trial justice was correct in limiting the liability of each insurer to the sum of the policy limit or the amount of $25,000 in each case. The appeal of Michael Barber is denied and dismissed. The judgment of the Superior Court is hereby affirmed. The papers in the case may be remanded to the Superior Court.

KELLEHER and MURRAY, JJ., did not participate.