[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The matter presently before this court is plaintiffs' motion for declaratory judgment to determine the applicability of the "Added Death Benefit" provision included in their insurance policy with defendant. The Court has proper jurisdiction over this matter pursuant to R.I.G.L. 1956 § 9-30-1 and § 9-30-2
(1985 Reenactment).
The parties herein have stipulated to the facts from which this insurance dispute arises. Plaintiffs, Mr. and Mrs. Robert Pacitti, are the parents and next of kin of the late Christopher Pacitti. Christopher died as a result of an April 17, 1986 automobile accident while he was riding as a passenger in his parents' 1983 Honda. At the time of the accident, Christopher was wearing an approved child restraint system.
Mr. and Mrs. Pacitti had a valid insurance policy (#5138D183912) with defendant, Nationwide Mutual Insurance Company (hereinafter "Nationwide"), covering the 1983 Honda which was involved in the accident. Pursuant to the terms and conditions of this policy, Nationwide remitted to Mr. and Mrs. Pacitti and the estate of Christopher Pacitti the appropriate monetary benefits under the policy relative to the "Uninsured Motorist Coverage," "Medical Payments," and "Added Death Benefit." The benefits available under this policy have been fully exhausted, and further recovery under said policy is not herein disputed.
At the time of the fatal accident, Mr. and Mrs. Pacitti also owned a 1983 Saab automobile, which was not involved in the original accident. Nationwide also insured the 1983 Saab under a policy of insurance (#5138D183923) separate and apart from the policy covering the 1983 Honda. Mr. and Mrs. Pacitti and the estate of Christopher Pacitti also were eligible for and received "Uninsured Motorist" benefits under the policy covering the 1983 Saab.
Mr. and Mrs. Pacitti have filed this complaint for declaratory relief to determine whether the "Added Death Benefit" provision under the insurance policy covering the 1983 Saab applies to the death of Christopher Pacitti while riding in the 1983 Honda. The "Added Death Benefit" provision under the 1983 Saab policy is included in an amendatory endorsement which is applicable under the policy's "Medical Payments" category. The provision in question provides that Nationwide, in accordance with the terms and conditions of the policy, shall pay an added death benefit of $10,000 "for any insured using an approved motor vehicle seat belt or child restraint system at the time of the accident." This Court must now decide whether Mr. and Mrs. Pacitti are entitled to "stack" this "Added Death Benefit" with the death benefit previously recovered under the 1983 Honda policy.
"Stacking" primarily refers to the ability of an insured to recover benefits from duplicate insurance coverage for a single loss. Lemoi v. Nationwide Mut. Ins. Co., 453 A.2d 758, 759 n. 1 (R.I. 1982). In Lemoi, our Supreme Court addressed the issue of stacking medical benefits. The insured in Lemoi sought double recovery of medical and confinement benefits under a single insurance policy which required separate premiums to insure two separate vehicles. Id. at 759. The court, reasoning that applicability of medical benefits stacking generally turns on the specific policy language, concluded that Lemoi's insurance contract prohibited stacking. Id. at 760.
Plaintiffs in the instant case contend that Lemoi stands for the proposition that stacking of medical benefits is permitted only where there are two separate insurance policies requiring separate premium payments. While Lemoi suggested that double recovery of medical benefits may be secured where two separate policies are involved, resolution of the stacking issue in medical benefits cases focuses primarily on the language of the insurance contract rather than the number of separate policies or premiums involved. See Lemoi, 453 A.2d 758, 760-61 (R.I. 1982) (decisions regarding stacking are based on policy language).
It is well established that an insurance policy is a contract between the insurer and the insured. Factory Mut. Liability Ins.Co. of America v. Cooper, 106 R.I. 632, 635, 262 A.2d 370, 372 (1970). Where the terms of the policy are clear and unambiguous, the terms as written shall govern the contractual relationship of the parties. Id. Because courts are precluded from stretching their imagination to read ambiguities into a policy where none exist, this Court must apply the policy as written. Mullins v.Federal Dairy Co., 568 A.2d 759, 762 (R.I. 1990).
The applicability of the "Added Death Benefit" contained in the insurance policy covering plaintiffs' 1983 Saab is the only disputed issue in this case. The "Added Death Benefit" is provided for in an amendatory endorsement to the original insurance policy, falling under the "Medical Payments" category. The endorsement essentially serves as an amendment to certain sections of the policy. To interpret properly the full extent of insurance coverage, one must read the endorsement in conjunction with or as a substitute for the relative portions of the original policy.
After studying the 1983 Saab automobile insurance policy, this Court finds its language to be clear and unambiguous. The entire policy is broken down into separate categories which provide insurance coverage under various circumstances, depending on the extent of coverage the insured purchased. The first subsection under each category of available insurance protection is entitled "Coverage." The "Coverage" subsection under each category proceeds to describe, in detail, the circumstances which give rise to Nationwide's obligation to provide the insured with monetary protection. Thereafter, each category is further divided into separate subsections which extend, exclude, or otherwise limit the extent of insurance coverage available under the respective categories. Such coverage extensions, exclusions, and limitations apply only after a threshold determination that the insured is entitled to insurance benefits under the "Coverage" subsection of a particular category.
The "Added Death Benefit" sought by plaintiffs in this case is applicable through the policy's "Medical Payments" category. In determining whether plaintiffs are entitled to recover this benefit, this Court must first examine the "Coverage" subsection of the "Medical Payments" category. Coverage under the policy's "Medical Payments" category applies as follows:
 Under this coverage, we [Nationwide] will pay medical and funeral expenses to or for any relative living in your household. We will pay these benefits for accidental bodily injury, sickness, disease, or death suffered while occupying your auto. (Emphasis added).
The definition of "your auto" as used in the context of the above-quoted "Coverage" subsection is crucial in determining the availability of "Medical Payments" benefits. The definitional section of the policy provides that "your auto" refers only to the vehicle described in the declarations sheet attached to the policy. Under the policy in question, the declarations sheet describes only plaintiffs' 1983 Saab. It is undisputed that Christopher Pacitti died while riding as a passenger in his parents' 1983 Honda. Because the fatal accident occurred in a vehicle which is not listed on the declarations sheet, plaintiffs are precluded from recovering the "Added Death Benefit" under the 1983 Saab policy.
A separate subsection of the "Medical Payments" category extends medical benefits protection to four separate situations which are not provided for in the general "Coverage" section. Expanded coverage extends to the following scenarios involving the insured and any household relative:
 1. While occupying a motor vehicle you [insured] do not own, while it substitutes temporarily for your auto [listed on declarations sheet]. Your auto must be out of use because of breakdown, repair, servicing, loss, or destruction.
 2. while occupying a four-wheel motor vehicle newly acquired by you [insured].
 3. while occupying a motor vehicle not owned by you [insured] or a resident relative.
 4. as pedestrians, if hit by any motor vehicle or trailer.
Plaintiffs also are precluded from receiving "Medical Payments" benefits under each of the above-listed special extended coverage scenarios. Scenarios one and two do not apply because the parties have stipulated that the 1983 Honda was neither a newly acquired four-wheel drive vehicle, nor a temporary substitute for the 1983 Saab. Scenario three does not apply because plaintiffs did in fact own the 1983 Honda which was involved in the accident, and scenario four only applies if the insured is injured as a pedestrian.
The final pertinent subsection under the "Medical Payments" category is entitled "Limits and Conditions of Payment." The disputed "Added Death Benefit" contained in the policy's amendatory endorsement serves as an amendment to this subsection. The "Added Death Benefit" provides that Nationwide will pay a death benefit of $10,000 for any insured wearing an approved child restraint system at the time of the accident. This provision, however, standing alone, does not entitle the insured to recover the death benefit. Because the "Added Death Benefit" falls under the "Limits and Conditions of Payment" subsection, the first step in assessing its applicability is to determine whether the insured is "covered" under the "Medical Payments" category.
The applicability of the "Limits and Conditions of Payment" subsection presupposes that the insured is entitled to receive benefits pursuant to the "Coverage" subsection of the "Medical Payments" category. Where the contractual language of the "Coverage" subsection precludes recovery, the provisions under "Limits and Conditions of Payment" are likewise inapplicable. Since this Court finds that the plaintiffs are not "covered" under the "Medical Payments" category of this policy, recovery of the "Added Death Benefit" under the "Limits and Conditions of Payment" subsection is precluded.
Although this Court has decided that plaintiffs are not entitled to recover the "Added Death Benefit," the "Other Insurance" clause contained in the "Limits and Conditions of Payment" subsection requires some further discussion. The "Other Insurance" clause provides that "[i]n any loss involving the use of a vehicle you do not own, or being hit by any motor vehicle or trailer, we [Nationwide] will pay only the insured benefit overand above the amount of other collectible Medical Payments or Family Compensation insurance." (Emphasis added). Plaintiffs contend that this clause, when read in conjunction with the "Added Death Benefit" provision, clearly establishes their right to recover. Defendant, Nationwide, asserts that the "Other Insurance" clause merely operates as a limitation of the benefits available under the "Medical Payments" category in cases where the insured is entitled to such coverage, while having other available insurance protecting against the same loss.
"Other insurance" clauses evolved primarily to protect insurers against situations where an insured would be entitled to receive double insurance benefits covering a single loss. SeeConflicts Between "Other Insurance" clauses in AutomobileLiability Insurance Policies, 20 Hastings L.J. 1292, 1293 (1969) (explaining applicability of "other insurance" clauses). An excess clause is one type of "other insurance" clause which limits the insurer's liability to that amount of the insured's loss which exceeds the limits of other available insurance. Id.
at 1295. Contrary to plaintiffs' contention, the "Other Insurance" clause in the case at bar operates to limit defendant Nationwide's liability rather than provide a vehicle for recovery. Additionally, the "Other Insurance" clause operatesonly when the insured is initially entitled to receive benefits under the "Medical Payments" category. Because plaintiffs are not otherwise entitled to receive benefits under this category, their reliance on the "Other Insurance" clause is misplaced.
For the reasons set forth herein, this Court declares that Mr. and Mrs. Pacitti are not permitted to recover the "Added Death Benefit" of $10,000 under their policy of insurance numbered 5138D183923 with Nationwide Mutual Insurance Company.
Counsel shall prepare an appropriate judgment for entry.