[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is on remand from the Supreme Court's order affirming this Court's denial of plaintiff's motion for summary judgment and remanding the case for further findings of facts. This court has been directed to conduct an evidentiary hearing to determine the intent of the parties in executing a release and to make findings of fact and conclusions of law concerning the effect of this release upon the pending action.
This case first came before this Court on Aetna Casualty 
Surety Company's (Aetna) petition for declaratory judgment and a motion for summary judgment. Aetna made this motion in response to Shirley Farr's (Farr's) claim with the American Arbitration Association to recover uninsured motorist benefits. Aetna's first count alleged Farr was not legally entitled to uninsured motorist benefits under the policy. During the pendency of the appeal on the first count, Aetna added a second count in which it alleged that by executing a release on May 30, 1985, Farr forfeited all causes of action arising from the automobile accident. In denying Aetna's motion for summary judgment on the second count, this Court held that the release signed by Farr was ambiguous necessitating a determination of the intent of the parties as a question of fact.
On appeal the Supreme Court affirmed the finding that the release provision was ambiguous and remanded the case for an evidentiary hearings on the issue of the parties' intent. On March 13, 1992 an evidentiary hearing was held at which all parties were present and were afforded an opportunity to present evidence. Pursuant to the Supreme Court's order, this Court makes the following conclusions of law and findings of fact.
CONCLUSION OF LAW
It has been held that a release in a personal injury case is a contract. Lennon v. MacGregor, 423 A.2d 820, 822 (R.I. 1980). Therefore, the rules of contract interpretation apply and the court's primary task is to ascertain the intent of the parties.Woonsocket Teachers Guild v. School Committee, 117 R.I. 373, 376, 367 A.2d 203, 205 (1976). If the terms of the release are ambiguous then this Court must look at extrinsic evidence in determining the intent of the parties. Lennon, 423 A.2d at 822. Relevant to the parties' intent is the circumstances surrounding the execution of the contract. Woonsocket Teachers, 117 R.I. at 376, 367 A.2d at 205. In addition, an ambiguous contact is ordinarily interpreted more strongly against the drafter of the document. Factory Mutual Liability Insurance Co. v. Cooper, etal, 106 R.I. 632, 635, 262 A.2d 370, 372 (1970); LaBelle v.DiStefano, 85 R.I. 1359 [85 R.I. 359], 131 A.2d 814, 816 (1957).
Findings of Fact
At the evidentiary hearing on March 13, 1992, defendant presented the testimony of Mrs. Shirley Farr and Attorney Harwood. Aetna did not offer any testimonial evidence but rather entered into evidence copies of the Petition for Commutation, Decree Ordering Commutation, Final Decree, Resignation of Employment and Release. Plaintiff relies on the Court's reading of these documents to ascertain the parties intent. Based on all the evidence presented, this Court reaches the following findings of facts.
First, this Court finds that prior to agreeing to commute her workers' compensation benefits Mrs. Farr was made aware of the possibility of a claim against Peerless Insurance Company and Aetna Casualty Surety Company for uninsured motorist benefits. On May 30, 1985 within the confines of the Workers' Compensation Commission, Mrs. Farr signed three documents: Petition to Commute Benefits; Resignation of Employment; and Release. It was also on this day that Aetna signed an Agreement appended to the Petition for Commutation and the Commission entered the Decree Ordering Commutation and Final Decree. Furthermore, it is the finding of this Court that at the time Mrs. Farr signed the release she did not read the document but merely "skimmed" it prior to signing. However, Mrs. Farr was aware that "and" as used in the document was a conjunctive term.
This Court also finds, after careful review of the testimony and documents, that the parties did not intend to execute a general release on May 30, 1985. Rather, the parties' sole intent was to release only future claims under the Workers' Compensation Act when they executed the Release. The courts reasoning for this finding is as follows.
Shirley Farr's Intent
This Court found Mrs. Farr's testimony that she had no intent to release any possible uninsured motorist benefits credible. Mrs. Farrs' intent is evidenced in petitioner's prayer for relief which in pertinent part reads:
 WHEREFORE, your petitioner prays that the Workers' Compensation Commission enter an Order commuting all future payments that are or may become due petitioner under the Workers Compensation Act to the sum in the amount aforesaid. Exhibit 1 (emphasis added).
In addition, when computing the amount due, petitioner utilized the language of § 28-33-25 in her petition.
 13. Your petitioner is of the opinion that petitioner may be entitled to further and other compensation benefits and that the total sum of the probable payments capitalized at their present value upon the basis of interest calculated at five percent (5%) per annum with annual interest and the value of any disfigurement or specific compensation due, or to become due, equals the amount the forth in Paragraph 3 above. Exhibit 1 (emphasis added).
AETNA'S INTENT
This Court is also satisfied that it was Aetna's sole intent at the commutation hearing to release only worker's compensation claims. This finding is supported by the commutation documents entered into evidence by Aetna. For example, appended to the Petition for Commutation is an agreement signed by Aetna, by and through their attorneys, whereby Aetna consents to "the commutation to a lump sum of all payments under the Workers' Compensation Act as prayed for therein." Exhibit 1.
In addition, the amount of consideration paid by Aetna makes it clear to this Court that the parties' sole intent at the execution of these documents was to make provision for workers' compensation benefits. The $40,000.00 consideration paid represents the exact amount owing and due as the present value of the future lost of Mrs. Farr's earning capacity. The Decree Ordering Commutation specifically orders:
 That all such payments which might be due, or become due, to the petitioner under said Act for loss of earning capacity, disfigurement or other further specified compensation and any other benefits under said act shall be and they are hereby commuted to the sum of $40,000. Exhibit 2 (emphasis added).
The Final Decree also makes it clear to this Court that the parties' sole concern at the time the documents were signed was the Workers' Compensation benefits. The Decree, in pertinent part states:
 This cause came on for hearing upon respondent's petition for a discharge of liability under the Workers' Compensation Act . . . it is hereby Ordered, Adjudged and Decreed:
 1. That the respondent-employer and the respondent insurer, and each of them, be and hereby are discharged of record from any and all further liability under the said Act. Exhibit 3. (Emphasis Added).
In addition the Decree Ordering Computation's specifically decrees:
 (d) Upon payment of the above respondents shall be entitled to a duly executed release from and by the petition; upon the filing of which, or other due proof of payment, all liability of the respondents to the petitioner under the Workers' Compensation Act and under any prior agreement, award, finding or decree shall be fully discharged of record. Exhibit 2 (emphasis added).
This order specifically requires petitioner to execute the release, but a release only for any future claim under the Workers' Compensation Act.
The circumstances surrounding the execution of the release also assist this Court's finding that the parties intent was merely to release any future claims under the Workers' Compensation Act. Woonsocket Teachers, 117 R.I. at 376, 367 A.2d at 205. Mrs. Farr executed the release within the confines of the Workers' Compensation Commission at the direction of the Workers' Compensation Commissioner. Both parties' sole purpose in attending the Commission hearing was to commute any claims which may exist under the Workers' Compensation Act.
This Court is also cognizant of the parties' stipulation that all of the commutation documents were drafted by counsel for the employer and its Workers' Compensation insurance carrier, Aetna. In drafting the release, Aetna simply entitled it "Release" not "General Release" as they now ask this Court to find. Ordinarily, an ambiguous document is interpreted more strongly against the drafter of the document. Factory Mutual Liability InsuranceCo., 262 A.2d at 372. Keeping this in mind, this Court is satisfied that at the time Aetna drafted the Release their intent was merely to make provisions for a release from any future Workers' Compensation claim by Mrs. Farr. Their failure to raise the Release as a defense until almost two and one-half (2 1/2) years after commencing this action also supports this Court findings.
Accordingly, for the reasons stated herein, this Court finds that the release executed by the parties was intended to release solely a claim under the Workers' Compensation Act and therefore does not bar the present action.
Counsel shall submit the appropriate order for entry.