Carroll,
No. 5672.

ESSFA E. WALKER

*v.*

HOWARD C. WALKER.

Argued October 3, 1967.
Decided November 30, 1967.

*James J. Kalled* ( by brief and orally ), for the plaintiff.

*Hinkley & Donovan* ( *Mr. Walter D. Hinkley* orally ), for Merchants Mutual Liability Company.

DUNCAN, J. In the above entitled action, judgment on the verdict was ordered by this court on May 24, 1965. *Walker* v. *Walker,* 106 N. H. 282, 290. Thereafter on June 24, 1965, the defendant's insurer paid to plaintiff's counsel the sum of $50,479.56, representing the limit of liability under its policy plus costs of $479.56. The plaintiff now seeks to recover from the

defendant insurer an additional sum in excess of $5,400 as interest from November 5, 1963, the date when judgment would have been entered but for the prior transfer to this court. See *Sheehan* v. *Connor,* 82 N. H. 529, 531. The Trial Court ( *Grimes,* J. ) found the facts, and ruled that the insurer "by paying the plaintiff $50,000 plus costs, fully discharged its obligation under its policy and has satisfied its liability in full." To this ruling, and the ruling that "the date when judgment would be entered" was thirty days after May 24, 1965, the plaintiff excepted. Questions raised by her exceptions were reserved and transferred by the Presiding Justice.

We find no error in the rulings of the Trial Court. The insurer by its policy issued to the defendant Walker undertook to "pay, in addition to the applicable limits of liability; ( a ) all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon."

The verdict upon which judgment was ordered in this court on May 24, 1965 was for $50,000 which was the policy limit. The plaintiff's right to interest upon the verdict is governed by RSA 524:1-b ( supp ), which provides that the clerk of the superior court shall add "to the amount of damages, interest thereon from the date of the writ . . . to the date of entry of final judgment . . . . " *Cf. Powell* v. *T.A.&C. Taxi Co.,* 104 N. H. 428, 432. Entry of judgment, as the Trial Court ruled, would be in order thirty days "after the opinion is filed" in this court (RSA 490:16), or on June 24, 1965. The insurer made payment on that date.

The insurer's liability for interest was governed primarily by the undertaking contained in its policy. Since no interest accrued upon the judgment, the company became liable for none. The interest upon the verdict computed from the date of the writ to the date of judgment ( RSA 524:1-b ( supp ) *supra* ) was all in excess of the limits of coverage afforded by the policy. Hence the insurer is under no liability for it. *Laplant* v. *Aetna Casualty & Surety Co.,* 107 N. H. 183, 185.

The plaintiff contends that judgment should now be entered as of November 5, 1963, as it would have been had the defendant's exceptions not been transferred to this court. In accordance with

long-standing practice and the rules of the Superior Court, however, judgment was not then entered because a bill of exceptions or proposed reserved case was seasonably filed before the applicable judgment day. RSA 491 App. Rule 60 ( supp ). The Trial Court found and ruled that the prior transfer was "based on substantial questions of law, and was not capricious."

The plaintiff suggests that judgment should now be entered retroactively as of November 5, 1963 "nunc pro tunc," for the purpose of obligating the insurer to pay additional interest. The discretion to enter judgments nunc pro tunc is of limited application in narrow classes of cases, under circumstances which do not exist in this case: namely, where clerical errors have prevented entry of judgment at the proper time, or where a party has died before judgment, but after trial and submission of the case. See *Blaisdell* v. *Harris,* 52 N. H. 191; 1 Freeman on Judgments ( 5th *ed.* ) *s.* 122; 6A Moore's Federal Practice ( 2d *ed.* ) *s.* 58.08. The entry is "made in furtherance of justice" ( *Tuttle* v. *Tuttle,* 89 N. H. 219, 221 ), and to be "granted or refused, as justice may require in view of the circumstances of the particular case." *Mitchell* v. *Overman,* 103 U. S. 62, 65. See *Hall* v. *Brown,* 59 N. H. 198.

In the absence of any request for judgment on November 5, 1963, the insurer was entitled to rely upon settled practice. See 6A Moore, *supra, p.* 3541. It cannot now pay the judgment retroactively, and it would be manifestly inequitable to subject it to new liability by retroactive judgment after a lapse of four years.

The plaintiff's right to judgment, and hence to interest thereon, was in abeyance while the litigation was continuously in progress. Interest on the judgment could not commence to run until the judgment was "in a shape to be effectually enforced." *Borer* v. *Chapman,* 119 U. S. 587, 602. See *Christian* v. *Southern Railway Co.,* 151 F. Supp. 192 ( E.D. S.C. 1957 ).

Since the policy limit of liability, plus costs, was paid when the plaintiff became entitled to judgment, the defendant insurer has discharged its obligations in full.

*Exceptions overruled.*

GRIMES, J., did not sit; the others concurred.