**Robert LESSARD, Appellant,**

v.

**MILWAUKEE INSURANCE COMPANY, Respondent.**

**No. C0-92-1526.**

Court of Appeals of Minnesota.

March 2, 1993.

Review Granted April 29, 1993.

Mullen J. Dowdal, Emmett D. Dowdal, White Bear Lake, for Robert Lessard.

Michael W. McNee, Robert C. Sipkins, Cousineau, McGuire & Anderson, Minneapolis, for Milwaukee Ins. Co.

Considered and decided by HARTEN, P.J., and KLAPHAKE and MULALLY,* JJ.

## OPINION

HARTEN, Judge.

Appellant Robert Lessard challenges the district court's denial of pre-award interest on an arbitration award of $221,000. The district court concluded that a grant of pre-award interest which, when added to Lessard's recovery, exceeded liability limits, would inappropriately modify liability limits of an insurance policy issued by respondent Milwaukee Insurance Company and

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

would violate Minn.Stat. § 65B.49, subd. 4a (1986). We affirm.

### FACTS

The facts in this case are undisputed. On July 6, 1987, a car driven by Jerome Michael Roiger crossed the median and struck the Lessard automobile. Lessard and his wife were seriously injured.

In September 1988, Lessard settled with Roiger's insurer for $30,000, the limit of Roiger's insurance policy, and provided Milwaukee Insurance with proper notice of the proposed settlement. Because of the severity of his injuries and because of Roiger's limited liability coverage, Lessard expressly informed Milwaukee Insurance that he would seek from it underinsured motorist (UIM) coverage benefits. The UIM coverage limit was $250,000.

Milwaukee Insurance declined to settle. In March 1990, Lessard appointed an arbitrator. In October 1991, a panel of arbitrators awarded $291,000 in gross damages, less $70,000 in set-offs, for a net award of $221,000. The arbitrators also concluded that Lessard was entitled to pre-award interest, under section 549.09, subdivision 1(b), but requested that the district court determine the date from which interest would accrue.

The insurance policy is silent regarding prejudgment interest. The policy provides, however, that the insurer will pay postjudgment interest—"interest accruing after entry of judgment until the company has paid or tendered or deposited" the judgment in court. Additionally, the policy provides that any amount payable by Milwaukee Insurance is to be reduced by sums paid by the underinsured motorist. Accordingly, the parties agree that the maximum liability of Milwaukee Insurance under the policy is $220,000 ($250,000 policy limit less $30,000 payment from Roiger's insurer). Because the arbitrators awarded $221,000 [1], any interest awarded would exceed the liability limit.

Lessard moved the district court for a confirmation of the award and for a determination that pre-award interest should accrue from October 5, 1988, the date he informed the insurance company of his intent to settle. Challenging the award of interest, Milwaukee Insurance argued that having already paid the policy limits, it was not required to pay any interest whatsoever. The insurer further argued that section 65B.49, subdivision 4a, which defines the maximum liability of an insurer under a UIM policy, did not permit pre-award interest exceeding liability limits. The insurer also argued that the 1991 amendments to section 549.09, subdivision 1(b), which permit grants of interest on arbitration awards, do not apply retroactively to this matter. Finally, the insurer argued that section 549.09, subdivision 1(b) unconstitutionally impairs insurance contracts.

The district court confirmed the award but denied pre-award interest.[2] It determined that the 1991 amendments to the statute did not apply retroactively to this matter. The district court did not decide the issue of the statute's constitutionality. This appeal followed.

### ISSUES

1. Do the 1991 amendments to section 549.09, subdivision 1(b), applicable to "proceedings pending on" July 1, 1991, apply to this matter?

2. Does the maximum liability limit in the insurance policy bar recovery of statutory prejudgment interest on the damage award?

3. Does application of section 549.09, subdivision 1(b) unconstitutionally impair the parties' insurance contract?

### ANALYSIS

The issues in this case present purely legal questions. As such, the district court's rulings are subject to de novo review by this court. *See Frost–Benco Elec.*

---

**1.** Milwaukee Insurance has paid Lessard $220,000, the limit of liability. The remaining $1,000 from the arbitrator's award of $221,000 is not at issue on appeal.

**2.** The court noted that because it had decided that a grant of prejudgment interest was inappropriate, the issue of when the interest began was moot.

*Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

1. *Retroactive Application.* Lessard argues that the district court erred in determining that the 1991 amendments to section 549.09 did not apply retroactively to this matter. The district court provided no other explanation or discussion of this issue.

Minn.Stat. § 549.09, subd. 1(b) provides that a prevailing party shall receive preverdict or pre-award interest on pecuniary damages from the time of commencement of the action. In 1991, the legislature amended the statute to extend it to pre-award interest on arbitration awards. *See* 1991 Minn. Laws ch. 321, § 7. The legislature provided that the effective date of the amendment would be July 1, 1991. 1991 Minn. Laws, ch. 321, § 12. The legislature also provided that this amendment would apply to "proceedings pending on or commenced on or after that date." *Id.*

 Generally, statutes are to have prospective, not retroactive, effect. *See* Minn.Stat. § 645.21 (1990). However, this presumption may be overcome by statutory language indicating retroactive effect. *Lieser v. Sexton,* 441 N.W.2d 805, 807 (Minn.1989). Minn.Stat. § 549.09 expressly applies to "pending" matters. This language overcomes the statutory presumption against the retroactive effect of statutes.

 It is true, as Milwaukee Insurance argues, that insurance policies generally are governed by the law in effect at the time the policy is issued. *See AMCO Ins. Co. v. Lang,* 420 N.W.2d 895, 898 (Minn.1988); *Hauer v. Integrity Mut. Ins. Co.,* 352 N.W.2d 406, 408 (Minn.1984). However, we are unable to find any authority for the insurer's proposition that statutes governing insurance matters must always apply prospectively and never retroactively. We hold that the amendments to section 549.09, subdivision 1(b) can and do apply retroactively even in cases involving insurance.

The parties have not contested the issue of whether the case was pending on July 1, 1991, the effective date of the amendments. As neither party has raised this issue, we infer that the matter was properly pending as of July 1, 1991. We hold that the district court erred in concluding that section 549.09 should not have retroactive effect.

2. *Recovery of Prejudgment Interest.* Milwaukee Insurance argues that even if section 549.09 applies retroactively, its application in this matter violates Minn.Stat. § 65B.49, subd. 4a (1986).[3]

The district court first noted that the insurance policy itself does not provide for recovery of prejudgment interest on an uninsured or underinsured claim. The district court next noted that because the arbitration award exhausted the policy limits, an award of interest would exceed the policy limits. The district court then concluded that an award of interest would violate Minn.Stat. § 65B.49, subd. 4a. We agree that prejudgment interest is inappropriate here but not because of a possible violation of Minn.Stat. § 65B.49, subd. 4a. Instead, we believe that prejudgment interest is inappropriate because it exceeds the maximum liability limit in the insurance policy.

This issue appears to be one of first impression in Minnesota appellate courts.

 Minn.Stat. § 549.09, subd. 1(b) provides that a court shall compute preverdict, pre-award, or prereport interest from the time of the commencement of action or a demand for arbitration. The legislative intent behind providing prejudgment interest is to compensate the prevailing party for the actual cost of money damages incurred and to promote settlements. *Casey v. State Farm Mut. Auto. Ins. Co.,* 464 N.W.2d 736, 739 (Minn.App.1991), *pet. for rev. denied* (Minn. April 5, 1991) (citing *Solid Gold Realty, Inc. v. Mondry,* 399

---

3. Minn.Stat. § 65B.49, subd. 4a provides:
 With respect to underinsured motor vehicles, the maximum liability of an insurer is the lesser of the difference between the limit of underinsured motorist coverage and the amount paid to the insured by or for any person or organization who may be held legally liable for the bodily injury; or the amount of damages sustained but not recovered.

N.W.2d 681, 683 (Minn.App.1987)). Application of this statute does not present a problem so long as the interest amount, when added to the damage award, is within the policy liability limits. A conflict arises in cases where the interest, when added to the damage award, *exceeds* an insurer's liability limits.

We first note that the insurance policy is silent on the issue of prejudgment interest. The policy provides, however, that the insurance company will pay postjudgment interest—"interest accruing after entry of judgment until the company has paid or tendered or deposited" the judgment in court. Several jurisdictions have held that an insurer that issues a policy with a standard interest clause like that quoted above must pay postjudgment interest regardless of the liability limits. *See Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 424 (Iowa 1988) (listing jurisdictions). Few jurisdictions, however, have extended these holdings to require payment of prejudgment interest as well.

Michigan is the leading, if not only, jurisdiction to require payment of prejudgment interest regardless of liability limits. *See Farm Bureau*, 424 N.W.2d at 425; *Denham v. Bedford*, 407 Mich. 517, 287 N.W.2d 168 (1980). In *Denham*, the Michigan Supreme Court cited legislative intent in upholding application of Michigan's prejudgment interest statute to automobile insurance policies. The court noted that the legislature was aware in enacting the statute that

> the vast majority of tort judgments are paid by insurance companies. Clearly, then, the Legislature must have intended that the statute have some meaning and, therefore, [applies] to insurance companies.

*Denham*, 287 N.W.2d at 171. The Michigan court determined that little injustice results in holding an insurer liable for prejudgment interest because insurers generally have complete control over litigation and could avoid payment of prejudgment interest by prompt settlement of claims. *Id.* 287 N.W.2d at 175.

The Michigan court also cited rules of construction to justify awards of prejudgment interest exceeding the policy limits. For example, the court noted that the statute was remedial in nature, and as such, should be liberally construed. *Id.* 287 N.W.2d at 171. Moreover, the court noted that rules of construction provide that the language of an insurance policy should be strictly construed against the writer and in favor of the insured. *Id.* 287 N.W.2d at 173. Therefore, the court construed the policy to require payment of prejudgment interest exceeding liability limits.

Although the arguments cited by the *Denham* court have merit, we agree with the majority of jurisdictions that has found such reasoning ultimately unconvincing.

This majority of jurisdictions has determined that prejudgment interest is an item of compensatory damages and thus is subject to liability limits in insurance policies even if a state statute provides for payment of prejudgment interest. *Guin v. Ha*, 591 P.2d 1281, 1287–88 (Alaska 1979); *Farm Bureau*, 424 N.W.2d at 426; *Nunez v. Nationwide Mut. Ins. Co.*, 472 A.2d 1383, 1384 (Me.1984); *Walker v. Walker*, 108 N.H. 341, 235 A.2d 520, 521 (1967); *Kotzian v. Barr*, 81 N.J. 360, 408 A.2d 131, 134 (1979); *Factory Mut. Liab. Ins. Co. v. Cooper*, 106 R.I. 632, 262 A.2d 370, 373–74 (1970). In other contexts, Minnesota courts have also held that prejudgment interest is "not interest in the traditional sense of the word; 'it is an element of damages awarded to provide full compensation.'" *Balder v. Haley*, 441 N.W.2d 539, 544 (Minn.App.1989), *pet. for rev. denied* (Minn. July 27, 1989) (quoting *Lienhard v. State*, 431 N.W.2d 861, 865 (Minn. 1988)). Minnesota courts, however, have not yet considered the issue of prejudgment interest in light of liability limits in insurance policies.

The jurisdictions applying liability limits to prejudgment interest have rejected the policy arguments that persuaded the *Denham* court. In *Farm Bureau*, for example, the Iowa Supreme Court, while noting that it "[shared] the Michigan court's con-

cern for the prompt settlement of meritorious claims," stated it was

> unwilling to take the extraordinary step of rewriting the parties' insurance contract in order to achieve the [salutary] goal of minimizing protracted litigation. To do so would "require the insurer to bear the burden of a risk it has not assumed."

*Farm Bureau,* 424 N.W.2d at 425 (quoting *Guin,* 591 P.2d at 1291).[4]

Similarly, the Alaska Supreme Court noted in *Guin* that while economic fairness might suggest assessing prejudgment interest on an insurer, which has the use and benefit of funds for investment:

> These notions of economic fairness, however, are not sufficient grounds for restructuring the contractual relationship between insured and insurer.

*Guin,* 591 P.2d at 1290.

Finally, we are persuaded by the straightforward rationale of the Maine Supreme Court in *Nunez:*

> The limitation serves a legitimate purpose and * * * ought to apply to all sums which the insurer is obligated to pay. The plain language of the policy controls under these circumstances.

*Nunez,* 472 A.2d at 1385.

We agree with the reasoning of the majority of jurisdictions. We accept the rationale of the Iowa and Alaska courts that the insurer should not " 'bear the burden of a risk it has not assumed' "—payment of prejudgment interest beyond the policy limits. *Farm Bureau,* 424 N.W.2d at 425 (quoting *Guin,* 591 P.2d at 1291). The parties to an insurance contract agree that the insured will receive specified coverage in exchange for a stated premium. In this case, Lessard, the insured, paid a premium to obtain UIM coverage in the amount of $250,000 plus postjudgment interest. Lessard did not contract, however, for prejudgment interest exceeding the $250,000 liability limit. To now require the insurer to pay prejudg-

ment interest exceeding the liability limit would be to rewrite the parties' contract. It is not our business to rewrite contracts. Because Lessard and Milwaukee Insurance contracted for a liability limit of $250,000, we are obliged to respect the terms of the contract and enforce that limit.

Accordingly, we agree with the district court that prejudgment interest is inappropriate here. However, the basis of our decision differs from that of the district court—not a possible violation of Section 65B.49, subdivision 4a, but, instead, the liability limit in the insurance policy. We hold that an insurer is not liable for prejudgment interest, which when added to damages, exceeds the insurer's liability limit.

3. *Constitutionality.* Finally, Milwaukee Insurance argues that application of the 1991 amendments to its 1987 insurance policy results in an unconstitutional impairment of contract. Because we have held that the 1991 amendments do not apply to this policy, we need not reach the constitutional issue.

## DECISION

Minn.Stat. § 549.09 applies retroactively to cases involving insurance that were pending as of July 1, 1991. We affirm the district court's denial of pre-award interest to Lessard the amount of which, when added to his total damage award, exceeds the liability limit in the insurance policy.

Affirmed.

---

4. The Iowa Supreme Court held in a later case that prejudgment interest was proper even if it exceeded liability limits. *Vasquez v. Lemars Mut. Ins. Co.,* 477 N.W.2d 404, 410–11 (Iowa 1991). The court distinguished *Farm Bureau* on the basis that *Farm Bureau* involved a tort action by a third-party claimant and not a contract action by an insured. We find this distinction unpersuasive.