In re ESTATE OF Sharon
Marie SANGREN.

No. C5–93–401.

Court of Appeals of Minnesota.

Aug. 24, 1993.

Review Denied Oct. 28, 1993.

 

Joseph F. Lulic, Kevin J. Kennedy, Hanson, Lulic & Krall, Minneapolis, for appellant Gopher State Mut. Ins. Co.

John F. Bonner, III, Kathryn Bergstrom, Parsinen, Bowman & Levy, P.A., Minneapolis, for respondent Estate of Sharon Marie Sangren.

Considered and decided by HARTEN, P.J., and HUSPENI and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellant challenges the probate court's judgment, claiming that (1) the probate court lacked subject matter jurisdiction, (2) the probate petition failed to state a claim upon which relief could be granted, (3) assignment to the estate of decedent's spouse's interest in the policy was invalid, (4) there should be a set-off for payments made to mortgagees, and (5) the court improperly awarded preverdict interest. We remand the issue of preverdict interest within the policy's liability limits, but affirm on all other issues.

## FACTS

Sharon Sangren died in a 1987 fire that destroyed her home. The home, which Guy and Sharon Sangren owned as joint tenants, was insured under a homeowner's policy issued by appellant Gopher State Mutual Insurance Company ("Gopher State"). Guy and Sharon Sangren were the named insureds.

Because Guy Sangren was suspected of setting the fire and causing the death of his wife, Gopher State denied all benefits. The denial was based on policy language precluding benefits for losses resulting from an insured's intentional acts. Guy Sangren, charged with the murder of his wife, was later acquitted.

In June 1988, Sharon Sangren's estate filed a petition with the probate division of the district court seeking a determination whether Guy Sangren intentionally caused Sharon Sangren's death and requesting that Gopher State be ordered

to honor all claims and pay benefits under the policy insuring the decedent's homestead to those having demonstrated insurable interests therein.

In December 1989, Gopher State moved to be dismissed from the proceedings, asserting that no claim was stated against it and that the probate court lacked subject matter jurisdiction over the insurance coverage dispute. The court denied the motion.

A jury trial began in probate court in April 1992. By special verdict, the jury found that (1) the fire was the result of arson; (2) Guy Sangren did not cause, procure, or arrange for the setting of the fire; and (3) $26,000 would compensate the insured for the contents and $2,000 would compensate for the loss of use. Prior to trial, the parties were ordered to stipulate as to the value of the building, personal property, and use lost. Although no stipulation is in the record on appeal, the trial court apparently instructed the jury on the amount of those losses (although they were described in the verdict form as "amount that would compensate for" loss).

The court concluded that the estate is entitled to recover from Gopher State the sum of those losses ($75,000 for building, plus $26,000 for contents, plus $2,000 for use = $103,000), plus costs and disbursements and preverdict interest from June 11, 1988. Gopher State brought a posttrial motion arguing again that it should be dismissed from the proceedings and now arguing in the alternative that it was entitled to have the judgment offset by the amounts it paid to mortgagees. The court denied Gopher State's motion.

Gopher State appeals from the probate court's September 1992 order denying its motion to dismiss and ordering judgment against Gopher State, and from the November 1992 judgment entered in district court.

## ISSUES

I. Did the probate court have subject matter jurisdiction over the insurance coverage dispute?

II. Was the petition sufficient to commence a civil action, thus avoiding the two-year limitations bar of statute and policy?

III. Is the estate precluded from recovering Guy Sangren's interest in the insurance proceeds?

IV. Is Gopher State entitled to an offset for payments it made to mortgagees?

V. Is the estate entitled to preverdict interest?

## ANALYSIS

When reviewing the decisions of the probate court .

[t]his court's scope of review is limited to deciding whether the probate court's findings are clearly erroneous and whether it erred in its legal conclusions.

*In re Estate of Simpkins,* 446 N.W.2d 188, 190 (Minn.App.1989).

### I. Subject Matter Jurisdiction

■ Gopher State asserts the probate court erred in ruling that it had subject matter jurisdiction to construe the insurance contract between Gopher State and the decedent.[1] Gopher State asserts that the probate court's jurisdiction does not extend to actions collateral to a probate dispute and is limited to issues related to the administration, settlement, or distribution of decedent's estate.

■ In seeking to limit the probate court's subject matter jurisdiction, Gopher State relies on *Leslie v. Minneapolis Soc'y of Fine Arts,* 259 N.W.2d 898 (Minn.1977). In *Leslie,* however, the supreme court dealt with the probate court's subject matter jurisdiction as it existed in 1929, long before the Minnesota legislature expanded the probate court's jurisdiction by adopting the Uniform Probate Code. Minn.Stat. § 524.1–302(a) (1992), part of the uniform code, provides that the probate court has jurisdiction over all subject matter relating to decedents' estates. A probate court also has full power "to take all other action necessary and proper to administer justice in the matters that come before it." Minn. Stat. § 524.1–302(b) (1992).

Since 1982, Minn.Stat. § 484.011 (1992) has provided that the district court of the

---

1. The estate asserts that Gopher State's appeal should be dismissed for failure to appeal within the time provided by Minn.R.Civ.App.P. 104.01. This court has already addressed this issue at special term. Thus, even if the Estate's cross-appeal has merit, it is the equivalent of a motion to reconsider which is prohibited by Minn. R.Civ.App.P. 140.01. We will not reconsider the issue now.

fourth judicial district is also the probate court. The district court relied on this integration of the two courts to support subject matter jurisdiction in this case. We conclude, however, that it is not the transfer of the probate court to the district court that provides subject matter jurisdiction in this case, but rather Minn.Stat. § 524.3–105 (1992),[2] which provides:

> The [probate] court has concurrent jurisdiction of any other action or proceeding concerning a succession or to which an estate, through a personal representative, may be a party, including actions to determine title to property alleged to belong to the estate.

This statute is similar to section 3–105 of the Uniform Probate Code. We conclude that the probate court has jurisdiction over all problems that arise in resolving an estate except those issues excluded by statute. Our interpretation is supported by the comment accompanying section 3–105:

> The important point is that the estates court, whatever it is called, should have unlimited power to hear and finally dispose of all matters relevant to determination of the extent of the decedent's estate and of the claims against it.

Uniform Probate Code § 3–105 cmt. d (1991).

## II. Sufficiency of Petition

Gopher State next argues that the petition was insufficient to commence a civil action under Minn.R.Civ.P. 3.01 and 4.01. Therefore, it argues, because a civil action was not properly commenced, the two-year limitations period under the statute and the insurance policy now bars the claim.

The probate court held that service of the petition was sufficient under Rules 3.01 and 4.01 to commence a civil action, and, even if it were not, Gopher State waived its challenge of insufficiency of process by not including this defense in its answer. *See* Minn.R.Civ.P. 12.08(a).

■ Although Gopher State frames its defense in terms of a failure of the petition to state a claim upon which relief can be granted under Minn.R.Civ.P. 12.02(e) and 12.08(b) (these motions may essentially be made at any time), the real basis for its defense is insufficient service of process because Gopher State is actually claiming that process was nonexistent under Rules 3.01 and 4.01. *See Haas v. Brandvold,* 418 N.W.2d 511, 513 (Minn.App.1988) (a claim for insufficiency of process questions the validity of the summons itself). Thus, the probate court's refusal to dismiss Gopher State from the action or to vacate the judgment was appropriate, where the petition, presumed sufficient, was filed within the two-year limitations period.

Even if Gopher State's defense was not waived, however, the fact that Gopher State answered and default judgment was not entered against it supports the viability of the petition under the rules. As the *Van Dusen* court recognized:

> We are fully aware that the modern tendency is toward extreme liberality in allowing amendments to process where no hardship results and no injustice is done.

*United States v. Van Dusen,* 78 F.2d 121, 124 (8th Cir.1935).

## III. Assignment of Insurance Proceeds

Gopher State also argues that the court erred by awarding Guy Sangren's interest in the policy to the estate.

### A. Two–Year Limitations Period

Gopher State first argues that because Guy Sangren failed to commence a civil action within the two-year limitations period, he had no interest to assign to the estate.

■ Gopher State's argument promotes form over substance. Guy Sangren's interest in the proceeds was under question, given the criminal prosecution. It was only natural that the estate would petition for a determination of the cause of the fire and

---

**2.** Gopher State argues that this section only applies to testate proceedings and not intestate proceedings. The only support for this argument is the statutory heading, which is merely a catchword and not part of the statute. Minn. Stat. § 3C.08, subd. 3 (1992).

homicide; the estate was the interested party were Guy Sangren found guilty and therefore barred from recovery. The estate's petition was sufficient because the petition was necessary to determine who should properly claim the proceeds. Any further action by Guy Sangren would have been redundant.

Although the petition was antithetical to Guy Sangren's interests (if it were determined that he caused the fire), it was also instituted on behalf of *anyone* with an insurable interest, which included Guy Sangren. The petition's language was sufficiently broad to encompass Guy Sangren's interests and, thus, the estate's petition, filed within the two-year limitations period, was sufficient to maintain Guy Sangren's interest in the proceeds. Any other result would be inequitable, leading to unjust enrichment.

**B. Lack of Gopher State's Written Consent to Assign**

Gopher State next contends that, even if Guy Sangren had an interest to assign, the assignment was invalid for lack of written authorization from Gopher State as required under the insurance policy. The court held that Gopher State was estopped from challenging the assignment's validity because it failed to object to the assignment, made in its presence, until four months after the assignment.

■ The appropriate doctrine is waiver, not estoppel. Waiver is the "voluntary and intentional relinquishment or abandonment of a known right." *Montgomery Ward & Co. v. County of Hennepin*, 450 N.W.2d 299, 304 (Minn.1990). The knowledge of the right may be actual or constructive and the intention may be inferred from the party's conduct. *Stephenson v. Martin*, 259 N.W.2d 467, 470 (Minn.1977). The question of waiver may be decided as a matter of law where the facts are not in dispute. *Montgomery Ward*, 450 N.W.2d at 304.

■ Here, Gopher State would have constructive knowledge of its right to require written consent for assignment as provided

in the insurance contract. Its failure to assert an objection at the time of the assignment constituted waiver of this right.

■ Further, this was not really an assignment of the policy. Rather, it was an assignment of the *proceeds* of the policy. A claim for proceeds is more a debt, subject to the ordinary rules of assignment, than a contract right to insurance protection. *See Peterson v. Brown*, 457 N.W.2d 745, 748–49 (Minn.App.1990), *pet. for rev. denied* (Minn. Aug. 23, 1990).

**IV. Payments to Mortgagees**

■ Gopher State asserts that the court erred in denying it an offset of $15,-333.30 for payments it made to mortgagees. But, upon payment to the mortgagees, Gopher State took an assignment of the mortgage note and of the mortgages on the fire-damaged property. An assignee acquires all rights and duties vested in the assignor by virtue of the assignment. *State ex rel. Southwell v. Chamberland*, 361 N.W.2d 814, 818 (Minn.1985). We conclude that Gopher State's interest as a creditor on the note is now secured by the mortgages. It is not entitled to an offset as well.

**V. Preverdict Interest**

Relying on *Northfield Nat'l Bank v. Associated Milk Producers*, 390 N.W.2d 289 (Minn.App.1986), *pet. for rev. denied* (Minn. Aug. 27, 1986), Gopher State argues that the probate court erred in awarding preverdict interest where the parties had already stipulated to damages prior to trial. In *Northfield*, this court concluded that the respondent carriers were precluded from recovering prejudgment interest on hauling fees wrongfully withheld because they had already stipulated to the amount owed for hauling fees. *Id.* at 299 (carriers "failed to include interest on the hauling fees in the stipulation").

■ Gopher State failed to produce evidence that the parties stipulated to damages. The actual stipulation is not in the record. Thus, we have no basis for overturning the probate court and must assume

that the parties, if they stipulated at all, stipulated to value as they were ordered to; if so, *Northfield* does not apply and an award of preverdict interest was appropriate.

We note, however, that this court has ruled that the sum of damages and preverdict interest may not exceed the liability limit provided by the parties' insurance contract. *Lessard v. Milwaukee Ins. Co.*, 496 N.W.2d 852, 856–57 (Minn.App. 1993), *pet. for rev. granted* (Minn. Apr. 29, 1993). The limit of liability on the building is $78,000 and the parties apparently stipulated to damages of $75,000. Thus, under *Lessard*, preverdict interest may not exceed $3,000. The supreme court has, however, granted review of *Lessard*. We, therefore, remand with instructions that the trial court suspend its ruling on preverdict interest until the supreme court's decision in *Lessard*, and then make an award consistent with that decision.

### DECISION

We hold the probate court properly determined that it had subject matter jurisdiction over the action, the estate's petition was sufficient to prevent a bar under the two-year limitations period, and the estate could take an assignment of Guy Sangren's interest in the proceeds. The probate court also properly denied an offset for payments Gopher State made to mortgagees. The probate court award of preverdict interest is reversed and remanded.

**Affirmed in part, reversed in part, and remanded.**